### HANS OLSON *vs.* A. M. CROSSMAN.

### November 17, 1883.

Innkeeper—Liability for Goods of Guest—Excuses.—When goods of a guest are lost at an inn, to relieve the innkeeper from liability it must appear that they were lost from one of the causes for which he is not liable; as, for instance, the negligence of the guest.

Same—Guest not Negligent in Occupying Room with Stranger.—It is not imputable as negligence in the guest that he consented to be placed to sleep in a room with another guest with whom he did not come to the inn, and who was a stranger to him, by whom his goods were stolen.

Same—Requisites of Notice to limit Liability.—Notice to the guest to deposit valuables with the landlord, where not such as the statute prescribes, does not relieve the landlord from liability, unless it be brought to the knowledge of the guest, so that his assent to limiting the liability of the landlord may be presumed.

Appeal by defendant from an order of the municipal court of Minneapolis, refusing a new trial after a verdict of $143.69. The principal questions of fact litigated at the trial were (1) was the plaintiff's money stolen from him, while asleep at defendant's inn, where he had taken lodging for one night? and (2) if stolen, was the theft committed by one of the two companions who came to the inn with him, and occupied the same bedroom, or by a stranger, who was also assigned to and occupied the same bedroom? It was in evidence that the statutory notice for exemption from liability was not posted, but it appeared that at the top of the page in the register where plaintiff signed his name, (and at the top of each page in the book,) there was a printed notice that "all moneys, jewels, and other valuables must be left at the office; otherwise the proprietor would not be responsible." The court instructed the jury that this notice would not exonerate the defendant, unless brought to plaintiff's notice, so that he understood it and agreed to it.

*Merrick & Merrick*, for appellant.

*Robinson & Bartleson*, for respondent.

GILFILLAN, C. J. Action by a guest against an innkeeper, to recover for money stolen from plaintiff in the inn while such guest. The common-law liability of an innkeeper is well stated in *Lusk* v. *Belote*, 22 Minn. 468, thus: "An innkeeper is by the common law responsible for the loss, in his inn, of the goods of a traveller who is his guest, except when the loss arises from the negligence of the guest, or the act of God, or of the public enemy." Unless it appear to have arisen from an excepted cause, when the loss is proved, the innkeeper is liable. There was no pretence in this case that the loss was from the act of God or of the public enemy. The only claim that it was from plaintiff's negligence was based on the fact that the money might have been taken by one or other of two companions with whom plaintiff came to the inn, and with whom he occupied a room. The court correctly charged the jury that, if taken by one of these, the defendant would not be liable, but that, to absolve him on that ground, the fact that it was so taken must affirmatively appear.

While a theft from the guest by a companion whom he brings to the inn is imputable to the guest as his own negligence, he is not to

be charged with negligence merely because the theft was committed by another guest of the inn whom he does not bring there, even though, with his consent, he is placed to sleep in the same room with such other guest.

The statute (Gen. St. 1878, c. 124, §§ 21, 22,) enables an innkeeper to limit his liability as to certain property of a guest, by keeping an iron safe and posting certain notices. The evidence does not indicate that defendant had complied with this. A notice at the head of the register of guests, or a verbal notice to the guest, not being such notice as the statute prescribes, is of no avail unless the guest consent to it, so as to constitute a contract limiting the innkeeper's liability. Of course, it would not amount to such a contract unless the guest's attention was called to it, so that he might be presumed to have understood and assented to it.

The evidence was sufficient to sustain the verdict.

Order affirmed.