WEADOCK *v.* SWART.

1. EVIDENCE—TRIAL—CONCLUSION.

A question which called for the conclusion of a witness was not erroneously ruled out at the trial, where the facts on which it was based were before the jury and they could draw all proper inferences.

2. INNKEEPERS — HOTELS — LOCKS—NEGLIGENCE—STOLEN PROPERTY —EVIDENCE—ADMISSIONS.

Where the plaintiff brought an action for the value of his watch and charm that had been stolen from him while he lay asleep and his companion was temporarily absent from the room of defendant's hotel, and the evidence showed that there was only one key to the room so that the lock could only be fastened on the outside by the other guest in leaving, the court erred in refusing to admit testimony relating to admissions made by a detective and the secretary employed in the hotel, tending to show that other robberies had been committed shortly before, which was unknown to either guest: it was material on the questions of suitability of the locks and plaintiff's contributory negligence.

3. CONSTITUTIONAL LAW—INNKEEPERS—VALIDITY OF ACT—STATUTES.

Act No. 42, Pub. Acts 1905 (2 How. Stat. [2d Ed.] § 4204), limiting to $250 the liability of an innkeeper who maintains in his establishment a suitable safe for the deposit of valuables, is not invalid as class legislation.[1]

4. INNKEEPERS—GUESTS—LIABILITY FOR THEFT—NEGLIGENCE.

That plaintiff, who occupied a bed in the same room with his companion on an outing trip, paid the hotel bill for both on the morning after his property was stolen, being afterwards reimbursed, did not charge plaintiff with the duty of taking notice that his friend had left the room, although he was asleep at the time and knew nothing

[1] The question of the effect of a statute limiting innkeeper's liability for goods not delivered into his custody is discussed in a note in 22 L. R. A. (N. S.) 577.

about the matter; the trial court erred in charging the jury that plaintiff must take notice of what the other guest was doing.

**5. SAME—ORNAMENTS—DAMAGES.**

And plaintiff was entitled to recover for the loss of an Elk's emblem attached to his watch chain up to the statutory limit of $250 for both watch and charm.

Error to Wayne; Mandell, J. Submitted November 25, 1913. (Docket No. 17.) Decided December 20, 1913.

Case by John C. Weadock against William C. Swart and others for the loss of property stolen in a hotel belonging to defendants. Judgment for defendants. Plaintiff brings error. Reversed.

*Thomas A. E. Weadock,* for appellant.

*McNamara & Scallen,* for appellees.

MOORE, J. This case has already been before this court, and is reported in 163 Mich. 602 (128 N. W. 734, Ann. Cas. 1912A, 959). Upon the second trial the case was submitted to a jury, which returned a verdict in favor of defendant. A reference to the opinion when the case was here before will make a long statement of facts unnecessary. In addition to what is there stated, it should be said that plaintiff testified upon the second trial that when the room was assigned to him he did not know there was but one key, and that he supposed the lock upon the door was an ordinary lock which could be locked or unlocked from either the inside or the outside of the door by the key that went with it; that he locked the door before going to bed. He also testified, in substance, that he was asleep when Mr. Loranger left the room, and did not know that he was about to leave the room.

The first assignment of error was based on the

178 MICH.—6.

court's exclusion of the question: "In case of two men occupying the same room, how could they get in or out with such locks as that?"—referring to the lock that was in fact on the door. This was objected to as incompetent and immaterial, and the court said:

"*The Court:* I will exclude it. Note an exception for plaintiff. An inference can be drawn from a statement made as to the possibility."

We do not think this was error because the lock had been fully described, and the jurors could draw all proper inferences.

The second assignment of error is based on the court's excluding the question whether anything was said next morning, after the robbery, about other robberies in the Cadillac hotel shortly before this one. The house detective and secretary of the hotel were then discussing the robbery complained of here with the plaintiff. This was directed to what the hotel authorities said. If it was a fact that recent robberies had occurred which had not been traced, and two guests were put into a room with a lock having but one key, and so made that, if one guest left the room though but for a moment, he could not lock the door as he went out, without making a prisoner of his fellow guest, and the guest about to leave the room, learning the situation as to the lock, which was unknown to the sleeping guest, and to avoid locking him in, left the door unlocked when he was to be absent but a few moments, and the fact of recent robberies was known to the landlord, but unknown to either guest, neither of whom was told of this situation, these facts bore, not only upon the suitability of the locks, but also upon the question of the negligence of the guests.

The language of Justice HOOKER in *Kerlin* v. *Swart*, 143 Mich. 228 (106 N. W. 710), is in point:

"If the defendants knew the condition of the fire escape, as it must be presumed that they did, and the

plaintiff did not, as seems probable, they owed it to him to protect him from its dangers, by seeing that they were made known to him, thereby apprising him that more than ordinary care was required, unless such dangers were obvious. The fact that there had been an entrance there would have been unimportant, had the caution been given in another way, but, on the other hand, information of the theft would have tended to produce the effect of adequate care. As the defendants were insisting that the thief entered through the window, and that it was made possible by the neglect of plaintiff to fasten it, it was proper for him to excuse his failure to lock the window by saying that he had no occasion to resort to unusual and apparently unnecessary precautions."

The other questions involved relate to the charge of the trial judge. The jury were instructed that in no event could there be a recovery for an amount in excess of $250. Counsel say this was wrong, for the reason that Act No. 42, Public Acts of 1905 (2 How. Stat. [2d Ed.] § 4202), is class legislation, and for that reason is unconstitutional. This is the same act that was before us when this case was here before. Like legislation has been in existence a long time, and we are not inclined to sustain this view of counsel for the appellant.

As bearing upon the question of plaintff's contributory negligence the judge charged the jury, among other things, as follows:

"With regard to that question the plaintiff in this case urges that in what he did, going as a guest in company with his associate and friend, that he acted as an ordinarily prudent man would have acted under like circumstances. That is his claim, stated in different language; that he was not guilty of any negligence that might have contributed to the result. That claim of his, however, is stoutly and strenuously contested by the other side, and they urge just as strenuously that the circumstances of his remaining in the room when the door was unlocked was an act of negligence on his part, and that an ordinarily prudent man would

not have acted in a similar way under similar circumstances. That is a disputed question of fact, and I charge and instruct you that if you are satisfied from the evidence in the case that the circumstances as revealed by the evidence show negligence on the part of the plaintiff, the plaintiff cannot recover for any of the articles he seeks in this case to recover for. If, however, you are satisfied by a fair preponderance of evidence, and the burden is upon him to establish his case that he acted on his part as an ordinarily prudent man would have acted under similar circumstances, then he can recover for the value of the watch and the chain and the $12 in money, and if, further, he has established by a fair preponderance of evidence that the lock on this door is not a suitable lock, and I use the word 'suitable' because it is the word used in the statute, then he can recover, further, for the value of this charm. If he has failed to do that, there can be no recovery for that. If it has been shown by the evidence, or to put it in another way, unless he has shown by a fair preponderance of evidence that he was free from contributory negligence on his part, he could recover for nothing in this case. If he has shown by a fair preponderance of evidence all the things I have said were necessary to show in order to recover, he should recover for all the things suitable to be taken to his room which would not be necessary to be deposited in the safe. It is undisputed with regard to the ornament that there was a suitable vault furnished for the use of guests, and it is undisputed that there were suitable and proper notices of that fact published in the various rooms and corridors of the Hotel Cadillac, but it is in dispute whether a suitable lock and bolt was furnished on the door in question, and if you determine that question that is in dispute as to the suitable lock, and you find in favor of the plaintiff—that is, that there was not a suitable lock or bolt furnished—and, further, that he was free from contributory negligence, he could recover for that ornament. Otherwise, of course, he could not.

"I have been requested to charge you by the parties in this case, and I have covered both of them. I will give you the plaintiff's fourth request, that a watch and chain in common use are not jewelry; a watch is neither a jewel nor ornament, as these words are used

and understood in common parlance. I think it is not necessary for me to go further with that. It is the duty of an innkeeper to provide honest servants. I think that goes without saying.

"The burden of proof is upon the plaintiff to show that he availed himself of the protection and use of the locks and bolts on room 169 while occupied by him on the night of July 2d, and the morning of July 3, 1906, and used ordinary diligence in the protection of his property.

"If you find from the evidence in this case that plaintiff's loss was occasioned by reason of his own negligence, then your verdict will be for the defendant.

"Under the evidence in this case there can be no recovery for the loss of the Elk's charm, valued at $200, which it is admitted by the plaintiff was a solid golden jewel, unless you find the lock and bolt furnished on the door of the room was not a suitable one under all the circumstances of the case.

&ast;          &ast;          &ast;          &ast;          &ast;          &ast;          &ast;

"*Mr. T. A. E. Weadock:* I call your honor's attention to what the Supreme Court said about keys and locks, and the fact that this room was to be occupied by two men.

"*The Court:* I think that is a subject for argument, rather than a subject of instruction. &ast; &ast; &ast; With reference to the question of the suitableness of the lock in question, it is for you to take into consideration, and you should take into consideration, all the surrounding circumstances and the necessity of the peculiar situation that has been revealed by the evidence in this case. You understand what a lock and a bolt is. You will understand that a lock without a key is useless under certain circumstances and conditions, and these matters and all other matters concerning the situation that a guest in that hotel might be put in, whether alone or with a companion, will be taken into consideration by you in determining the question which is a disputed question of fact of the suitableness of the locks and bolts upon the door of the room that was occupied by Mr. Weadock on the night in question.

"*Mr. T. A. E. Weadock:* I except to the refusal to charge as requested by the plaintiff, and to the charge on the subject of the ornament, and estimating the

part of the watch chain as an ornament, and I except to the charge that in no case could the recovery exceed $250. I except to the charge on the subject of suitable locks, and I except to the charge on the subject of contributory negligence.

"Whereupon the jury retired, but not having agreed on a verdict, the said jury was brought in at 4 o'clock p. m., in the absence of plaintiff's counsel.

"*The Court:* Have you agreed upon a verdict?

"*Foreman:* No, your honor.

"*The Court:* What is the difficulty; is it a question of law or fact?

"*A Juror:* It is hard to say.

"*The Court:* I cannot help you if it is a disputed question of fact.

"*A Juror:* It is a question of fact."

(The court then dwelt upon the importance of having a verdict.)

"I feel obliged to send you back.

"*A Juror:* Could you explain a little more fully contributory negligence?

"*The Court:* Contributory negligence is that class of negligence which arises in a case where a person who seeks to recover is himself guilty of negligence. As applied to the facts and theories in this particular case, it means this: Mr. Weadock claims that he was careful and prudent in what he did. The other side claim that if there was a loss sustained by Mr. Weadock, it was sustained by reason of his own negligence. Now, if after scanning and studying all of the evidence in the case, you reach the conclusion that Mr. Weadock was negligent, then that kind of negligence would be in law contributory negligence; that is, if it contributed to bringing about the result which followed. His claim is that he acted in everything that is disclosed by the evidence in a careful and prudent way, or as an ordinarily prudent person would, under like circumstances; that is, like circumstances that have been shown by the evidence to have existed would have acted. The claim, on the other hand, is just to the contrary. They claim that the record of what occurred at that hotel on that morning disclosed that Mr. Weadock was negligent; that he was careless,

and did not act as an ordinarily prudent man would
have acted under like circumstances. They claim that
he should have gotten up and locked the door, and if
that door had been locked this robbery would not have
occurred, and the loss would not have occurred. His
answer to that is that he was asleep at the time. They
claim that if his companion was to leave the room, he
should have been awakened so the door could have
been locked. In determining whether the charge of
contributory negligence is established, you should take
into consideration everything that has been said here
from the witness stand that will show you what the
real situation was, and then say whether, under the
circumstances, Mr. Weadock acted as an ordinary
man should act. If you answer that question no, then
he cannot recover in this case. If you answer it yes,
then you have to consider the other principles of law
that I have stated."

Counsel for appellee says—we quote from the brief:

"I assume, as a legal proposition, that the act of the
plaintiff's roommate was his own act, so far as this
case is concerned, for the reason that it was the plain-
tiff who applied for and to whom this room was as-
signed and subsequently paid for it. If he chose to
have his friend, Mr. Loranger, share it with him, that
was his concern, not ours; and, for the purpose of this
case, Mr. Loranger's acts are his acts."

We hardly think this position is justified by the
record. It is true the record leaves the question in
doubt as to who registered. It does appear that the
two guests desired to be assigned to a room with two
beds in it, and that at this time nothing was said about
the key. It also appears that when the plaintiff had
occasion to go to the room for the night, he was told
Mr. Loranger had gone to the room, and that he found
him there, and that plaintiff locked the door before re-
tiring. It is also true plaintiff testified that he paid
the full hotel rate for both of them the next morning,
but he explained that this simply happened; that Mr.
Loranger was not his guest; that they were both going
the same trip for an outing, and that each one paid his

own bills; that when it happened as it did this morning to be convenient for one to pay for both, they afterwards adjusted it so that each one paid his own bills. This being the situation, we think the judge erred in charging in effect that the plaintiff must take notice of what Mr. Loranger did when he had no notice of what he was doing, or about to do, or failed to do. This put upon the plaintiff too high a degree of care.

There is one other subject to be alluded to, and that is the Elk's emblem. The evidence is that this had been given to the plaintiff by his fellow Elks, that it was the insignia of the order, and served to identify him at a glance as a member; it was attached to his watch chain, which in turn was attached to the watch. The question of liability for the loss of this emblem was not raised when the case was here before, but we think it may be regarded as part of the equipment of the watch, for which a recovery might be had, but the total liability to be limited to $250.

For the reasons stated, the case is reversed, and a new trial ordered.

STEERE, C. J., and McALVAY, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.