## Dr. T. B. Wagner *vs.* Congress Square Hotel Company.

### Cumberland.   Opinion September 18, 1916.

*Common Law Liability of innkeepers.   How effected by Statute.*
*Failure to comply with Statute as to posting notices.*
*General rules of liability of innkeepers.*

Section 1 of chapter 101 of the Laws of 1913 provides, among other things, that no innkeeper who has a sufficient safe or vault and who keeps a copy of this section printed in distinct type constantly and conspicuously posted in not less than ten conspicuous places in all in his inn, shall be liable for the loss, by a guest, of jewelry, personal ornaments, and other specified classes of property, unless the guest has offered to deliver the same to the innkeeper for custody in the safe, and the innkeeper has refused or omitted to receive it.   It also provides that an innkeeper shall not be liable for the value of property in excess of three hundred dollars, whether received, or not.   In an action by a guest against an innkeeper for the value of scarf pins, cuff buttons and studs stolen from the guest's room, it appearing that the innkeeper had not posted any copies of section 1, It is held:—

1.  Chapter 101 of the Laws of 1913 was intended as a substitute for all existing statutory provisions governing the liability of innkeepers to their guests, and repealed sections 6, 7 and 8 of chapter 29 of the Revised Statutes.

2.  An innkeeper, who fails to have copies of section 1 of chapter 101 of the Laws of 1913 posted as provided in the section, is liable as at common law for the loss of jewelry, personal ornaments, and other property specified in the section.

3.  At common law an innkeeper is an insurer of the property of his guest, and is liable for the loss of it, when placed within the inn, except when caused by the act of God, the public enemy, or the neglect or fault of the owner or his servants.

4.  Though an innkeeper fails to post copies of section 1, chapter 101 of the Laws of 1913, as provided by the section, his liability for articles embraced in section is limited by statute to three hundred dollars.

5.  The articles lost by the plaintiff were, most of them jewelry, and all of them personal ornaments.   They are within the provisions of section 1 of the Act, and not within section 4, which fixes the liability of an innkeeper for property "other than that described in the preceding sections" as that of a depository for hire.

Action on the case to recover from an innkeeper the value of certain articles of jewelry alleged to have been stolen from the plaintiff's room while he was there as a guest.  Plaintiff alleged that articles stolen were of the value of seven hundred and forty-three dollars.  Judgment for plaintiff for three hundred dollars and interest from date of writ.

Case stated in opinion.

*Dennis A. Meaher,* for plaintiff.

*Verrill, Hale, Booth & Ives,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

SAVAGE, C. J.  This case is an action brought to recover from an innkeeper for goods stolen from a guest's room, and comes before the court on report.  The plaintiff was a guest at the defendant's hotel three or four days.  His testimony tends to show that he was assigned to a room; in a closet in the room he placed his traveling bag, a substantial one, with a very substantial lock; in the bag was a small leather case which contained 13 or 14 scarf pins, one being a pearl pin set with diamonds, one an opal pin, one a ruby, one a black onyx, one a crystal, and several gold; it contained also about 10 pairs of cuff buttons, some of them matching the pins, one set of pearl studs, one set black onyx studs, and other studs which he was unable to describe.  All the articles were worth $743.  The plaintiff was a man who traveled much and was in the habit of carrying the case in the bag when he traveled, and he used one or other of the sets of pins, buttons and studs, as might seem suitable to the occasion, or to the color of his shirt, according to fancy.

The plaintiff claims that while he was temporarily absent from the hotel, his traveling bag which he had locked and left in his room was unlocked by someone and the case and its contents stolen from the bag.  It is admitted that he did not offer to deposit the articles with the hotel manager or clerk, and on the other hand that the hotel management did not post in any place in the hotel a copy of section 1 of chapter 101, Laws of 1913.

By the common law, innkeepers, like common carriers, are insurers of the property of their guests committed to their care,

and are liable for its loss, or for injury to it, except when caused by the act of God, the public enemy, or the neglect or fault of the owner or his servants. *Shaw* v. *Berry,* 31 Maine, 478; *Norcross* v. *Norcross,* 53 Maine, 163. And the liability extends to all the movable goods, chattels and moneys of the guest which are placed within the inn, and is not limited to such as are reasonably necessary for the present use of the guest. *Berkshire Woolen Co.* v. *Proctor,* 7 Cush., 417; 2 Kent's Com., 11th Ed., 784. And the common law rules are in force except so far as they have been modified by statute.

Under modern conditions, Legislatures have deemed it proper to limit somewhat the liability of innkeepers. In this State, by chapter 174 of the Laws of 1874, now R. S., ch. 29, sects. 7 and 8, it was provided that "Innkeepers are not liable for losses sustained by their guests, except for wearing apparel, articles worn or carried upon the person to a reasonable amount, personal baggage and money necessary for traveling expenses and personal use, unless upon delivery or offer of delivery, by such guests, of their money, jewelry or other property to the innholder, his agent or servants for safe custody." The statute further provided that when the loss is attributable to the negligence of the guest, or to his non-compliance with the reasonable regulations of the inn, brought to his notice, the innkeeper is not liable. Section 6 of chapter 29 provides that in case of loss by fire innholders are answerable only for ordinary care. These statutory provisions are now in force unless repealed by chapter 101 of the Laws of 1913.

The 1913 statute, so far as necessary now to quote it, is as follows:

"Sec. 1. No innkeeper . . . who constantly has in his inn . . . a metal safe or suitable vault in good order, and fit for the custody of money, bank notes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments, railroad mileage books or tickets, negotiable or valuable papers, and bullion, and who keeps on the doors of the sleeping rooms used by guests suitable locks or bolts, and on the transoms and windows of said rooms suitable fastenings, and who keeps a copy of this section printed in distinct type constantly and conspicuously posted in not less than ten conspicuous places in all in said inn, shall be liable

for the loss or injury suffered by any guest, unless such guest has offered to deliver the same to such innkeeper  .   .   .  for custody in such metal safe or vault, and such innkeeper  .   .   .  has omitted or refused to take it and deposit it in such safe or vault for custody, and to give such guest a receipt therefor.  .   .   .

Sec. 2.  But such innkeeper  .   .   .  may by special arrangement with a guest receive for deposit in such safe or vault any property upon such terms as they may agree to in writing, but every innkeeper  .   .   .  shall be liable for any of the above enumerated articles of a guest in his inn  .   .   .  after said articles have been accepted for deposit, if caused by the theft or negligence of the innkeeper  .   .   .  or any of his servants."

Section 3 makes it the duty of the guest to demand and of the innkeeper to give a check or receipt for baggage or other articles of property delivered for safe keeping, elsewhere than to the guest's room, and provides that an innkeeper shall not be liable for such baggage or other articles of property unless actually delivered, nor unless the loss occurred through the negligence of the innkeeper or his servants.

"Sec. 4.  The liability of the keeper of any inn  .   .   .  for loss of or injury to personal property placed by his guests under his care, other than that described in the preceding sections, shall be that of a depositary for hire, except that in case such loss is caused by fire not intentionally produced by the innkeeper or his servants, such keeper shall not be liable.  .   .   .

Sec. 11.  All acts and parts of acts inconsistent with this act are hereby repealed."

At the outset, it is to be noticed that the only statutes relating to losses by guests, and to which the repealing clause in the 1913 statute can apply are sections 6, 7 and 8 of chapter 29 of the Revised Statutes, to which we have already referred.

The 1913 statute is comprehensive, and when it is compared with the above named sections of chapter 29, it will sufficiently appear, we think, that the Legislature intended the later statute to be a substitute for the former one.  The two statutes not only relate to the same subject matter, but the provisions of the one are inconsistent with those of the other.  To illustrate: Under the old statute an innkeeper was liable to guests for articles worn or carried upon

their persons to a reasonable amount, for personal baggage, and for money necessary for traveling expenses and personal use, without regard to delivery for safe keeping, except so far as liability might be limited by reasonable regulations brought to the notice of the guest, as provided in section 8. These articles were excepted from the non-liability provision. The provision that the innholder is not liable unless upon delivery or offer of delivery by guests of their money, jewelry or other property should not be construed to mean property previously excepted. It means money in excess of what was necessary for traveling expenses and personal use, and jewelry more than reasonable in amount, so far as the jewelry consisted of articles worn or carried on the person.

By the new statute non liability for money, jewelry, precious stones, personal ornaments and other specified things was conditioned so far as the innkeeper was concerned on two things, the keeping of a safe, and the posting copies of section 1. If he complied with those provisions he would not be liable unless the guest had offered to deposit, and he had omitted to receive those articles for custody. If they were accepted, section 2 made him liable for theft or negligence afterwards by him or his servants. If he did not comply with the statute, it afforded him no protection as to liability for such articles. He was left under the common law liability. But the statute provided that an innkeeper should not be liable for the value of such property in excess of three hundred dollars, whether received or not. Otherwise than that, no limit was fixed to the amount of money or amount or number of personal ornaments for which the innkeeper would be responsible.

Again, under the old statute the innkeeper was liable for personal baggage whether placed in his custody or not. Under the new, he is only liable when it is actually delivered into his custody for safe keeping. In both statutes liability for loss caused by fire is limited, but the rule of liability is different.

Finally, after prescribing in section 1 for a conditional liability for certain classes of property, and in section 2 for deposit by special agreement of any property, and in section 3 for baggage and other articles of property, meaning, we think, as the context shows, such articles as are commonly "checked" or receipted for, in section 4 the Legislature prescribed the liability of an innkeeper

for all other personal property placed under his care, that is, infra hospitium, to be that of a depository for hire. All taken together cover the entire field of the liability of innkeepers. It is argued that the words "other than that" in section 4 relate to the preceding word "liability," and not to the nearer preceding word "property." But by natural grammatical construction it relates to "property," and such we think was the legislative intent. This construction makes the act complete, harmonious and entirely comprehensive. It takes the place of the prior statute, and sections 6, 7 and 8 of chapter 29, Revised Statutes, are repealed by it.

It follows then that if the articles for which the plaintiff sues are included in the specifications of section 1, the defendant is liable as at common law, inasmuch as it did not comply with the statute by posting copies of the section. If they were not of any of the classes named in sections 1, 2 and 3, the defendant's liability is only that of a depositary for hire. A depositary for hire is liable only for failure to exercise ordinary care, or as it is sometimes expressed, such care as men of ordinary prudence usually exercise over their own property under like circumstances. *Milliken* v. *Randall,* 89 Maine, 200; *Foster* v. *Essex Bank,* 17 Mass., 479; *Brown* v. *Waterman,* 10 Cush., 117; *Lichtenhein* v. *B. & P. R. Co.,* 11 Cush., 70; *Maynard* v. *Buck,* 100 Mass., 40.

We think the articles lost by the plaintiff fall into one, or the other, or both, of two classes named in section 1, namely, "jewelry" and "personal ornaments." A jewel is defined to be "an ornament of dress usually made of a precious metal, and having enamel or precious stones as a part of its design; a precious stone." Webster's Dict. Tit. Jewel. "It is a precious stone fashioned for use or beauty; a gem, especially one set in precious metal for personal adornment; an ornament containing precious stones." Standard Dict. Tit. Jewel. Jewels collectively are jewelry. Webster's Dict. Tit. Jewelry. Most of the scarf pins, cuff buttons and studs of the plaintiff come clearly within the definition of "jewelry," and all were "personal ornaments."

Our attention is called to the words "personal belongings" in section 4, for the loss of which an innkeeper is liable only as a depositary for hire. But section 4 includes only such articles as are not included in the prior sections. A distinction is made between

"personal ornaments" and "personal belongings." It is only personal belongings, that cannot be classed as personal ornaments, for which a rule of liability is declared in section 4.

We conclude, then, that the defendant is liable as an innkeeper at common law for the loss of the plaintiff's jewelry and personal ornaments, because it did not comply with the condition of the statute, as to posting copies of section 1. But the proviso in section 1 limits liability for all such property to $300. The proviso by its terms applies to all property whether received for safe keeping or not.

> *Judgment for plaintiff for $300 and
> interest from the date of the writ.*