# CHARLESTON.

## ALEXANDER NESBEN v. E. F. JACKSON.

Submitted November 1, 1921. Decided November 8, 1921.

1. APPEAL AND ERROR—*Fact Issue Involving Conflicting Evidence and Witnesses Credibility is for the Jury.*

   An issue of fact involved in conflicting oral evidence and dependent upon the credibility of the witnesses, lies clearly within the province of the jury for determination. (p. 472).

2. SAME—*Evidence Held not Sufficiently Preponderative to Take Disputed Question from Jury.*

   Upon an issue as to whether an inkeeper had statutory notices posted in his office, lobby and guest chambers, his testimony and that of a clerk and two guests, that they were

posted and in position before and after the loss, contradicted
by that of a guest whose money had been stolen, to the effect
that he had seen·no notice in the room he had occupied, the
positive testimony of plaintiff's attorney that, upon careful
investigation, made a few days after the loss, he had found
none, and the testimony of the same witness to admissions
by the defendant, that he had relied solely upon a notice
printed in his register and had no other, is not sufficiently
preponderative to take ·it from the jury.  (p. 472).

·3.  INKEEPERS—*Guest with Actual Notice to Deposit Property at
Office or be Personally Responsible is Negligent Barring
Recovery in Keeping it in His Room.*

If a guest of a hotel has actual notice of a requirement that
he deposit his money and jewelry at the office, or be personally
responsible for its safety, his failure to make such deposit
is negligence barring recovery for loss of such property by
theft from his room in the hotel.  (p. 473).

4.  SAME—*Guest Depositing ·Money and Jewelry on Previous Oc-
casions, and Presence of Printed Notice on Hotel Register
Held Not Conclusive Evidence of His Knowledge of Rule.*

But such deposit made by him, on several previous oc-
casions and the presence of a printed notice of such require-
ment, in the hotel register, not shown to have been brought
to his attention, are not conclusive evidence of such knowl-
edge; wherefore a finding of a jury against it cannot be ·dis-
turbed by the court.  (p. 472).

Appeal from Circuit Court, Kanawha County.

Action by Alexander Nesben against E. F. Jackson.   Judg-
ment for plaintiff, and defendant appeals.

*Affirmed.*

*Morgan Owen* and *E. B. Dyer,* for plaintiff in error.

*B. J. Pettigrew* and *J. Raymond Gordon,* for defendant in
error.

POFFENBARGER, JUDGE:

The judgment under review on this writ of .error is one re-
covered against. an innkeeper by a guest, for money stolen
from the latter while he slept in his host's hotel.   The case
went to a jury upon the evidence and without instructions.
Reversal is sought upon the theory of a finding contrary to
· the law and the evidence.

Sec. 33, of ch. 145, Code, absolves the keepers of hotels, inns and lodging and boarding houses from liability for loss of the jewelry, money and other valuables of their guests, if and when they have posted in the rooms of their guests and boarders and in their offices and reception rooms, notices requiring such articles to be deposited in their offices, except in the case of loss from such offices after deposit therein. Compliance with the requirements of this statute is asserted by the defendants and denied by the plaintiff, and, as to it, there is conflict in the evidence.

On or about October 12, 1919, the plaintiff registered at the hotel of the defendant and was assigned to an improvised room in a hall, known as Room No. 110. Although he had been a guest at the hotel on several previous occasions and had sometimes deposited money in the office, he said nothing about his money on the occasion in question. The room consisted of the end of a hall cut off by a partition lower than the ceiling, wherefore it was susceptible of access over the partition. While the guest slept, a thief took from his coat pocket $210.00 and carried it away.

He does not claim he inspected the room to ascertain whether it contained a posted notice. Interrogated as to whether he had seen a notice in it, he said he had not. Being asked whether there was one in it, he replied: "No, I seen no notice like that in my room—no sign of paper, no kind of paper." The defendant testified that he had kept the lobby and rooms of his house posted, but was unable to say there was a notice in Room No. 110, on the night of the theft, although he was in it the next morning. He stated positively, however, that he had personally placed a notice in that room and most of the others, before the loss. He also testified that, before and after the theft, he had maintained a notice on a partition by the side of a door in the lobby, the door opening into the baggage room. His clerk at the time of the occurrence testified that there was a notice in Room No. 110, on the morning after the loss, and also that there was one in the lobby and in every room and bath room in the house. L. C. Dills testified that he had roomed in the house in October, 1919, and had seen notices in the lobby and the rooms he had .

been in, both before and after the occurrence in question. Ed Perkins, a cook, swore he had slept in Room No. 110 one day in the summer of 1919, and had then seen a notice posted in it, and that there was one in the lobby. A few days after the loss, one of plaintiff's attorneys visited the hotel, in company with him, inspected it to some extent and claims to have interviewed the proprietor. He testified that he had looked "at what is called the office or public reception room" and had found no notice in it. Though he did not say he had been in Room No. 110, he said there was no notice in it. He asked the defendant, on cross-examination, if he had not testified in a justice's court in which the case was first tried, that a notice printed on each page of the hotel register was the only notice he had and that he had depended solely upon it. A negative answer having been given, the attorney took the stand and said such an admission had been made in the testimony before the justice and in conversations with himself on two or three occasions.

Nothing conclusive is perceived in this evidence. No doubt the plaintiff's own testimony is clearly negative in character, since he does not claim to have looked for notices. This might be legally overthrown by the positive evidence adduced by the defendant and the uncontradicted fact that the plaintiff had previously made deposits, a circumstance tending to prove his knowledge of the requirement. But Mr. Gordon's positive and direct testimony to the effect that there was no notice in the room nor in the lobby, a few days after the loss, and that the defendant had admitted sole reliance upon the notice printed in the register, completely covers this phase of the case, and makes the issue turn altogether upon the credibility of the witnesses. It is neither inadmissible nor devoid of evidential value, by reason of lapse of time between the loss and his visit to the hotel. He contradicted the witnesses who said notices were up after as well as before the loss, and impeached the defendant as to practically all of his evidence. Under such circumstances, neither a trial court nor an appellate court can disturb a verdict. Harman v. Appalachian Power Co., 77 W. Va. 48.

An inn guest's actual knowledge that his host requires a

deposit of his jewelry, money and other valuables, in the office, as a condition of liability, is obviously binding upon him. Actual notice is always more potent than merely constructive notice. The statute binding him by constructive notice simply extends a common law principle, which exonerated the host in case of the refusal of his guest to make the deposit upon request, or his failure to do so with knowledge of a rule requiring it, and consequent loss of the property. Such failure is negligence, barring right of recovery. *Purvis* v. *Coleman,* 21 N. Y. 111; *Fuller* v. *Coates,* 18 O. St. 343; *Berkshire Woolen Co.* v. *Proctor,* 7 Cush. (Mass.) 417; *Jalie* v. *Cardinal,* 35 Wis. 118; *Richmond* v. *Smith,* 8 Barn. & Cress. 10; *Cashill* v. *Wright,* 6 El. & Bl. 891; Beale, Innkeepers & Hotels, sec. 213.

No conclusive evidence of actual notice of the requirement in question is found in the record. Though testimony to the fact that the plaintiff, on previous occasions, had deposited his money at the office, is uncontradicted, it merely tends to prove knowledge of a rule requiring him to do so. Notwithstanding such tendency, the jury could have attributed the act to timidity or unusual caution on his part. Neither the defendant nor any other witness testified to any express notification to him of such a rule, custom or specific requirement. As to the reason for the deposits, the plaintiff was not interrogated, nor did he say anything. The utmost value that can be given them, as evidence of actual knowledge of the rule in question, is that of mere tendency to prove it. From them, an inference of such knowledge may arise, but it is manifestly not a ncessary nor a conclusive one. Others probative of a different reason for the acts just as readily arise from them. Moreover, his failure to deposit on other occasions argues as strongly against knowledge, as the deposits argue in favor of it. The plaintiff may have seen the notice printed in the register, but there is no proof that he did. As to that, he was not interrogated. The jury might have combined two circumstances, presence of the notice in the register and the deposits, and based a finding of knowledge on them, but they were clearly not bound to do so, and they did not. A guest, in signing a hotel register, is not bound to assume that he is

signing a contract, and read everything printed in the regis-
ter or on the page he signs. *Murchinson* v. *Sergent*, 69 Ga.
206; *Olson* v. *Crossman*, 31 Minn. 222. Our conclusion is
that the issue as to knowledge on the part of the plaintiff was
one for jury determination.

For the reasons stated, the judgment complained of will be
affirmed.

*Affirmed.*