[No. 19359.    Department One.    December 1, 1925.]

FRANK A. GILLETT et al., Appellants, v. WALDORF
HOTEL COMPANY, Respondent.[1]

INNKEEPERS (3)—LOSS OF PROPERTY OF GUEST—STATUTORY NOTICE
—BURDEN OF PROOF—EVIDENCE—SUFFICIENCY.    To exempt an inn-
keeper from liability for loss of a guest's valuables, under Rem.
Comp. Stat., § 6862, the required notice must be given and the act
strictly complied with, and the burden is upon the innkeeper to
show the exonerating facts.

SAME (3).    In an action for the loss of a guest's valuables, the
innkeeper does not sustain the burden of proving the posting of the
notice required by Rem. Comp. Stat., § 6862, where two guests testi-
fied positively that they made a search of the room for such a notice,
and were contradicted only by the hotel-keeper, notwithstanding
many persons were in the room the next morning.

SAME (3)—LOSS OF PROPERTY—CONTRIBUTORY NEGLIGENCE—EVI-
DENCE—SUFFICIENCY.    Guests in a hotel are not guilty of contributory
negligence in leaving money and valuables in trousers hanging over
a bathroom door, and in a dresser in the room in which they slept.

SAME (3)—LOSS OF PROPERTY—SUFFICIENCY OF NOTICE TO GUEST.
The posting of notice in the room, under Rem. Comp. Stat., § 6862,
in order to limit an innkeeper's liability for loss of a guest's prop-
erty, is not excused by the fact that the notice was printed on the
page of the register where the guests registered.

SAME (3)—LOSS OF PROPERTY OF GUEST—LIMITATION OF LIABILITY.
Rem. Comp. Stat., § 6862, limits the liability of an innkeeper for
loss of a guest's valuables to one thousand dollars, and the same is
a valid limitation.

Appeal from a judgment of the superior court for
King county, Frater, J., entered November 8, 1924,
dismissing an action by a hotel guest for the value of
lost articles, after a trial on the merits to the court.
Reversed.

*James P. H. Callahan*, for appellants.

*A. H. Wiseman*, for respondent.

[1]Reported in 241 Pac. 14.

ASKREN, J.—This is an appeal from a judgment of the court denying recovery in an action to recover for valuables, lost while guests of a hotel.

The facts follow: Appellants, in August, 1923, registered at respondent's hotel, and were assigned to room 333. Retiring that evening at 10:30, both appellants tried the door of their room to ascertain if it was locked. The door was fitted with what is commonly known as a Yale lock, with a flat key being used for the purpose of entering the room. The lock had what is known as a spring catch which does not require the use of a key to open the door from the inside. The door was fitted with no other form of lock, and there was no other way by which the door could be locked, bolted or secured from the inside, which would prevent a person having a key from entering the room.

Before retiring, Mr. Gillett hung over the bathroom door his trousers, which contained a wallet with $90 in money. Mrs. Gillett removed from her fingers some diamond rings and laid them on a dresser. Upon arising next morning, it was found that both the money and the rings had been taken. Investigation showed that the catch or bolt in the lock had been pushed back and was held by the spring, indicating that it had been unlocked by the use of a key, there being no marks of violence. Complaint was immediately made to the hotel management and detectives were assigned to the case. Investigation was made with regard to the door and the room in general, the detective and manager of the hotel and other persons being in the room that morning.

Upon the trial of the case, there was no dispute as to the facts which we have just stated. But respondent, the hotel, sought to exempt itself from liability upon the ground that appellants were guilty of contributory

negligence, and upon the further ground that it had complied with § 6862, Rem. Comp. Stat., as follows:

"No hotel-keeper, whether individual, partnership or corporation, who constantly has in his hotel a metal safe or suitable vault in good order and fit for the custody of money, bank notes, jewelry, articles of gold and silver manufacture, precious stones, personal ornaments, railroad mileage books or tickets, negotiable or valuable papers and bullion, and who keeps on the doors of the sleeping-rooms used by guests, locks or bolts, and who keeps posted in each of said sleeping-rooms a notice of liability as hereinafter specified, shall be liable for the loss or injury to such property suffered by any guest unless such guest has offered to deliver the same to such hotel-keeper for custody in such metal safe or vault and such hotel-keeper has omitted or refused to take it and deposit it in such safe or vault for custody and to give such guest a receipt or claim check therefor: *Provided, however,* That the keeper of any hotel shall not be obliged to receive from any one guest for deposit in such safe or vault any property hereinbefore described exceeding a total value of one thousand dollars, and shall not be liable, for any excess of such property, whether received or not: *Provided further,* Such hotel-keeper may by special arrangement with a guest receive for deposit in such safe or vault any property upon such terms as they may agree to in writing, but every hotel-keeper shall be liable for any loss of the above-enumerated articles of a guest in his inn or hotel after said articles have been accepted for deposit, if caused by the theft or negligence of the hotel-keeper or any of his servants."

We have heretofore held that exemption from liability by virtue of this section can only be had by strict compliance with the statute, and that the notice required by the statute must be given exactly as provided. We have also held that, when the relation of inn-keeper and guest and the loss of goods have been established, the true rule is that the inn-keeper is

*prima facie* liable, and the burden is on him to show such facts as will exonerate him. *Watt v. Kilbury,* 53 Wash. 446, 102 Pac. 403.

Both Mr. and Mrs. Gillett testified positively that they made search of the room to ascertain if there was any notice posted therein as provided by the terms of this act. They testified that they had traveled much, and knew that such notices were common. The only testimony contradicting this is the statement of the manager that he saw the notice in the room that morning. The trial court, in its memorandum opinion, expressed grave doubts in regard to the testimony offered on the question of this notice, but finally made a finding to the effect that the notice was posted as required by law. It appears from the testimony that a number of persons were in the room that morning, and it seems strange that, if the notice was there, no other witness testifies to having seen it. It must be apparent that, when this loss was claimed, the manager would at once realize the importance of having the notice in the room, and would have called the attention of either appellants, the detective, or some employee to the fact that the notice was there. It appears that these notices were tacked upon the wall near the telephone. It is common knowledge that such notices are liable to mutilation and destruction, and for that reason many hotels place them under glass and securely fastened to the door or some other part of the room. When it is remembered the ease with which such a notice can be destroyed, and when it is further considered that, outside the manager, not a single employee of the hotel or any other witness testified to the fact that this notice was in the room, we think it can safely be said that respondent has not met the burden which the law imposes upon him to show that he has complied with the statute, and that it was error for the court to so hold.

The trial court, also, found that appellants were guilty of contributory negligence because the money was left in the trousers hanging over the bathroom door, and the rings placed upon the dresser instead of placing them under their pillow or in some other place of like character. But in this we think the court was in error. Guests have the right to assume that the room to which they are assigned is a safe place. *Murchison v. Sergent,* 69 Ga. 206, 47 Am. Rep. 754. There is no rule of law requiring guests to secrete their valuables within their room in order to free themselves from a charge of negligence.

It is contended by respondent that, even if there was no notice in the room, there was a notice printed on the page of the register where appellants registered for the room, which stated that the hotel kept a safe for the keeping of cash and jewelry of guests; but there was no evidence in the case to indicate that appellants saw this, and their testimony upon this point was positively that they did not. It is not common for guests upon registering to read printed matter upon the page of the register, and the evidence here leads irresistibly to the conclusion that appellants did not know of, or see, this notice. It has been held in a number of jurisdictions that where the statute requires the notice to be posted in every room the printing of the notice at the head of each page of the guests' register is not enough. Thus in *Nesben v. Jackson,* 89 W. Va. 470, 109 S. E. 489, it is said:

"A guest, in signing a hotel register, is not bound to assume that he is signing a contract, and read everything printed in the register or on the page he signs;" citing *Murchison v. Sergent, supra,* and *Olson v. Crossman,* 31 Minn. 222, 17 N. W. 375.

The evidence showed that the value of the rings and money taken was in excess of $1,600. The statute ex-

pressly limits the liability to $1,000. Statutes limiting an inn-keeper's liability have generally been upheld by the courts. *Weadoch v. Swart,* 178 Mich. 80, 144 N. W. 557; *Wagner v. Congress Square Hotel Co.,* 115 Me. 190, 98 Atl. 660; *Davis v. Hotel Chelsea,* 186 N. Y. Supp. 75; *Traznik v. Hannah & Hogg,* 173 Ill. App. 43.

There is no claim made here that the loss comes under the latter portion of the statute where the liability is not limited if the loss is caused by the theft or negligence of the hotelkeeper or any of his servants.

The judgment is reversed, with instructions to enter judgment in favor of appellants in the sum of $1,000.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MAIN, JJ., concur.