SARAH H. EPP, Plaintiff, *v.* BOWMAN-BILTMORE HOTELS CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, May 26, 1939.

*Peaslee, Brigham & Albrecht* [*Gerald J. McMahon* of counsel], for the plaintiff.

*Bertram L. Kraus* [*M. Claiborne Mebel* of counsel], for the defendant.

EDER, J. Plaintiff sues defendant, a hotelkeeper, to recover for the loss of money and personal property stolen from her room while a guest of the defendant. Defendant provided safekeeping facilities for the money and valuables of its guests and so notified them by posting notice to that effect, conspicuously, in the public rooms and public parlors of the hotel. It did not post such a notice, however, in a " conspicuous place and manner in the *office* * * * of such hotel," but on every registration *card* signed by a guest,

when registering, there was printed thereon a statement that such safekeeping facilities were provided by defendant. The plaintiff did not avail herself of such facilities; instead, she kept her money and personal property in the room which she occupied in the hotel. Plaintiff seeks to hold defendant liable under its common-law liability as an insurer of the property of its guest; defendant disclaims liability, claiming that by furnishing such safekeeping facilities and giving the mentioned notice thereof, it thereby complied with sections 200 and 206 of article 12 of the General Business Law of this State, applicable to hotels and boarding houses, and is relieved of all liability for any loss suffered by plaintiff. I think not, because I am of the opinion that defendant did not comply, *in toto*, with the requirements of the statute.

At common law the innkeeper was the absolute insurer of the person and property of his guests (*Hulett* v. *Swift*, 33 N. Y. 571); it visited upon him the stringent liability of an insurer, and, except where changed or modified by statute, the courts of this State have consistently adhered to this rule. (*Briggs* v. *Todd*, 28 Misc. 208.) It is also a legal axiom that statutes in derogation of the common law are to be strictly construed. (*Briggs* v. *Todd, supra.*)

The Legislature of this State, for reasons deemed by it to be adequate, enacted legislation mitigating the rigid rule of the common law as to the liability of an innkeeper for the loss of property of his guest and his liability is now the subject of statute, the applicable provisions thereof being sections 200 and 206, mentioned. Thus the statute, among other things, limits the liability of a hotel or innkeeper to a sum not exceeding $500, in the absence of a special written agreement (§ 200); also, where he provides safekeeping facilities for the money and valuables of his guests and posts notice thereof, as in the statute provided, and loss is suffered by a guest failing to avail himself of such safekeeping facilities, the hotel or innkeeper is absolved of all liability (§ 200).

Since this statute is, manifestly, in derogation of the common-law liability of the hotelkeeper, and must be strictly construed, it is apparent that strict compliance with it is a condition precedent to the successful invocation of its provisions by the hotelkeeper to escape liability and that near compliance or attempted compliance will not suffice.

Section 200, so far as here relevant, provides:

" § 200. Safes; limited liability. Whenever the proprietor or manager of any hotel, inn or steamboat shall provide a safe in the office of such hotel or steamboat, or other convenient place for the safekeeping of any money, jewels, ornaments, bank notes, bonds, negotiable securities or precious stones, belonging to the guests of

or travelers in such hotel, inn or steamboat, and shall notify the guests or travelers thereof by *posting* a notice stating the fact that such safe is provided, in which such property may be deposited, in a *public* and *conspicuous* place and manner in the *office* and public rooms, and in the public parlors *of such hotel* or inn, or saloon of such steamboat; and if such guest or traveler shall neglect to deliver such property, to the person in charge of such office for deposit in such safe, the proprietor or manager of such hotel or steamboat shall not be liable for any loss of such property." (Italics mine.)

Section 206, so far as here pertinent, provides: " Every keeper of a hotel or inn shall *post* in a *public* and *conspicuous* place and manner in the *office* or public room, and in the public parlors *of such hotel* or inn, a printed copy* of this section and sections two hundred and two hundred one." (Italics mine.)

The notice required by section 200 and the reprint of sections 200, 201 and 206 were posted properly in the public rooms and public parlors of the hotel; this is not disputed; it is the defendant's Exhibit " C ?' and reads as follows:

### " NOTICE TO GUESTS

" A SAFE IS PROVIDED IN THE OFFICE FOR THE SAFEKEEPING OF MONEY, JEWELS, ORNAMENTS, BANK NOTES, BONDS, NEGOTIABLE SECURITIES AND PRECIOUS STONES BELONGING TO GUESTS.

" Management is not liable beyond one hundred dollars for property *deposited for storage*, unless excess value stated upon delivery and receipt given therefor; nor liable beyond seventy-five dollars for property *deposited in parcel-rooms*, unless excess value stated upon delivery; nor liable for *merchandise samples*, unless prior written notice of possession is given.

" Rates in detail for rooms and meals obtainable at the front office.

" GENERAL BUSINESS LAW — SECTIONS 200, 201, 206.
" Section 200. [Reprint, verbatim].
" Section 201. [Reprint, verbatim].
." Section 206. [Reprint, verbatim]."

While this notice was, admittedly, properly posted in the public rooms and public parlors, defendant did not " post " it at all " in the *office* * * * of such hotel." All that the defendant did in that connection is shown by defendant's Exhibit " B," which is its form of registration *card* signed by each guest, when registering. This reads as follows:

"THE COMMODORE
"NEW YORK

"Money, jewels, and other valuables must be placed in the safe deposit boxes in the office, otherwise the Management will not be responsible for any loss.

"Name Bettie Jane Epp

"Firm ..........................

"Street Gillett House

"City Northampton, Mass.

| Room No. | Room Rate | Room and Rate B&C Charges Date Voucher No. | Typist | Account No. |
|---|---|---|---|---|
| 653 | | | | |
| 55 | 6 | W | A S | N56089 " |

This registration card, if it could be regarded as a posted notice, even so, it will be noted, does not contain "a printed copy" of sections 200, 201 and 206, as expressly required by the statute. This card was "resting" at the time of such signing "on the wide ledge" "which constituted the registration desk of the office" (Defendant's brief, p. 4), and defendant contends this, therefore, was a "posting" of the notice "in the office" of the hotel, within the meaning of the statute, and the registration card being on the registration desk, the notice was thus a posting in a "public and conspicuous" place, and that this was a substantial compliance with the statute; the further claim is advanced that it is not necessary to reprint a verbatim copy of these sections in the *office* of the hotel; that section 206 requires the reprint of a copy of said sections "in the office *or* public room" "and in the public parlors of such hotel or inn" and argues that section 206 is complied with by posting printed copies of the various sections in either the office or public room. While section 206 uses the phrase "office *or* public room" and section 200 uses the phrase "office *and* public rooms," the discrepancy is of no moment, since "The statute must be read as a whole." (*Millhiser* v. *Beau Site Co.*, 251 N. Y. 290, 296.) The legislative intent in requiring the posting of such notice in the manner and places specifically designated, is plain; it was recognized that these were the places mostly frequented by persons coming into the hotel and, therefore, notice posted in such places was most likely to be seen by patrons and prospective guests; such definite and unequivocal requirements cannot be ignored. (*Davidson* v. *Madison Corp.*, 231 App. Div. 421; *Lima* v. *Dwinelle*, 7 Alb. L. J. 44; *Lanier* v. *Youngblood*, 73 Ala. 587; *Beale* v. *Posey*, 72 id. 323; Beale on Innkeepers and Hotels, § 417.) The object of requiring the posting of the notice is to bring it to the attention

of the guest and in designating the specific places mentioned, to make it conspicuous.

There was here no " posting " at all of the required notice in the *office* of the hotel; the notice on the registration card is in no sense a posting and is not a compliance with the statute. To " post," as here used, means to nail, attach, affix or otherwise fasten up physically and to display in a conspicuous manner, and not theoretically (*Penn* v. *Dyba*, 115 Cal. App. 67; 1 P. [2d] 461); and a posting is not made by printing or recording a notice in a book or on a card and keeping it on a desk. (*Iowa-Missouri Grain Co.* v. *Powers*, 198 Iowa, 208; 196 N. W. 979; Beale on Innkeepers and Hotels, § 418.) There was here, therefore, a failure of compliance with the statute. Printing of a notice on the registration card was not sufficient and could not operate as a substitute for the required posting. It is held that where a statute requires the posting of notice by a hotelkeeper it is not complied with by printing the notice at the head of the register where the guest signs his name. (*Olson* v. *Crossman*, 31 Minn. 222, 224; 17 N. W. 375.) The *Olson* case involved a rather like situation as that at bar and its reasoning is approved.

It seems clear that defendant failed to comply with the statute, for the reasons stated, and hence is liable to plaintiff for the loss sustained. Judgment for plaintiff for $900. Ten days' stay of execution.