It does not appear from the return that Mr. Justice Fallon ever made the certificate and order provided for in the above-quoted section. In the absence of such a certificate and order, the municipal court lost jurisdiction of the action after November 24, 1899, the day to which Mr. Justice Fallon's time to decide it was extended by stipulation. Thereafter the cause was out of court. The defendant seasonably raised this objection to the jurisdiction at the opening of the trial before Mr. Justice Worcester, and duly excepted to the overruling thereof by the justice. It is unnecessary to pass upon the other grounds of appeal submitted by the defendant.

For the reasons above stated, the judgment must be reversed, and the action dismissed, with costs, without prejudice to a new action.

---

LINCOLN v. NEW YORK & CUBA MAIL S. S. CO.

(Supreme Court, Appellate Term.    March 9, 1900.)

CARRIERS—LOSS OF PROPERTY OF PASSENGERS—CONTRIBUTORY NEGLIGENCE.

A passenger on a steamship, having been assigned to a stateroom, placed therein a traveling bag containing $200 in $2 bills, locked the bag, closed the door of the stateroom, and went for a key to the room, none having been given him, returned to the room, and found that the money was stolen during his absence. *Held*, that the passenger was not negligent.

Appeal from municipal court.

Action by Winslow S. Lincoln against New York & Cuba Mail Steamship Company for damages. From a judgment dismissing complaint, plaintiff appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Francis Burton Harrison, for appellant.
Charles C. Nadal, for respondent.

PER CURIAM. Plaintiff began a journey to Savannah, Ky., and Massachusetts, by taking passage on defendant's steamer at Havana. He placed $200, in $2 bills, in a traveling bag, which he locked, and put in a stateroom that had been assigned to him by the purser. No key for the door of the room having been given him, he closed the door, and went for a key. On his return to the room, he found that the money had been stolen. This appeal is from a judgment dismissing the complaint. Several questions are raised. The main one, however, is that as to the alleged negligence of the plaintiff. The appellant is so clearly right in the others that it is needless to discuss them. If he was not negligent in leaving the bag in the stateroom, the judgment should be reversed.

The defendant, having assigned the plaintiff to a stateroom, had taken entire charge of him as a passenger, and of his effects. Adams v. Steamboat Co., 151 N. Y. 163, 45 N. E. 369, 34 L. R. A. 682. Having placed the bag in the stateroom, locked the bag, and closed the door of the room, and then gone for the key of the door, the plaintiff did all that could be reasonably expected of him. What followed

shows that it would have been better to have taken the money with
him, but this does not affect the question of negligence. The sum
was a reasonable one for the plaintiff to have, in view of the jour-
ney, and it appears that he could not conveniently have carried
the money on his person. He was not negligent. We have been
referred by the respondent to some cases in which it appears that
doors were not, although they could have been, locked. They are
not pertinent. It is unnecessary to refer to the facts further, as,
from respondent's brief, it seems inferentially that he is not unmind-
ful of the strength of the plaintiff's appeal.

Judgment reversed, and a new trial ordered in the municipal court
in the district in which the action was brought, with costs to ap-
pellant to abide the event.