FLORENCE W. RAWN, Plaintiff, *v.* 14 EAST 60TH STREET HOTEL CORPORATION, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Ninth District, December 28, 1925.

Innkeepers — action by guest to recover value of necklaces and clothing contained in trunk delivered to defendant for storage — under General Business Law, § 200, plaintiff cannot recover value of necklaces which were not deposited in safe — General Business Law, § 201, does not change rule that burden of showing negligence is on plaintiff — burden is sustained by proof of delivery to defendant and proof of failure to redeliver — evidence of care used to protect property does not overcome presumption arising from failure to redeliver — limitation of liability prescribed by General Business Law, § 201, not applicable where hotel is guilty of negligence.

A guest at a hotel who delivered to the hotel for storage a trunk which contained necklaces and clothing cannot recover the value of the necklaces on the failure of the hotel company to redeliver them, where said company has complied with section 200 of the General Business Law which relieves a hotel from liability for ornaments delivered to it by a guest unless the same are deposited with the hotelkeeper for deposit in a safe provided for that purpose.

Section 201 of the General Business Law limiting the liability of hotelkeepers for loss of property delivered to a hotel for storage, does not change the rule that the guest must prove negligence on the part of the hotelkeeper, but that burden is satisfied by evidence that the property was delivered to the hotelkeeper for storage and was not redelivered on demand.

In this case, evidence as to the extreme care taken by the defendant to protect property delivered to it by guests for storage does not overcome the presumption of negligence arising from its failure to redeliver the property to the plaintiff.

The limitation of liability in said section applies only where negligence is not shown.

ACTION by a guest against a hotel corporation to recover for loss of baggage.

*Raymond J. Daly* [*Daniel S. Murphy* with him on the brief], for the plaintiff.

*May & Jacobson* [*Isaac N. Jacobson* with him on the brief], for the defendant.

GENUNG, J. The conceded facts establish that on May 4, 1925, the plaintiff became a guest at the defendant's hotel and brought with her four trunks. When these trunks were delivered at her apartment, she requested the porter to leave three trunks and place the fourth trunk, known as a " hat trunk," in storage for her. The plaintiff remained a guest until May 11, 1925, when she ordered the delivery of her trunks, including the " hat trunk," to the New York Central Railroad Company for shipment to Seattle, Wash., but the " hat trunk " was not delivered to the railroad company and was not returned to the plaintiff. The plaintiff claims that the " hat trunk " contained several necklaces for which she paid a total sum of $170, and several dresses and other wearing apparel, for which she paid a total sum of $463.50, and asks judgment for the sum of $633.50. The defendant admits the receipt of the " hat trunk " and its non-delivery to the plaintiff, and contends that, while there must be judgment for the plaintiff, it cannot exceed the sum of $100, and relies on the General Business Law (§ 200, as amd. by Laws of 1923, chap. 417, and § 201, added by Laws of 1924, chap. 506, as amd. by Laws of 1925, chap. 400).

The General Business Law (§ 200) provides that where the proprietor of a hotel provides a safe in the office of the hotel for the safekeeping of money, jewels, ornaments, etc., belonging to the guests of the hotel, " and shall notify the guests or travellers thereof by posting a notice stating the fact that such safe is provided, in which such property may be deposited, in a public and conspicuous place and manner in the office and public rooms, and in the public parlors of such hotel or inn " and the guests shall neglect to deliver such property for deposit in such safe, the hotelkeeper shall not be liable for any loss of such property sustained by the guests by theft or otherwise. It appears that such safe was provided and such notice was posted in the elevators and on the desks in the office and in the lobby. It is not disputed that necklaces come within the meaning of the word " ornaments " as used in the statute. The plaintiff, having failed to comply with the terms of the statute, is not entitled to recover for the necklaces.

The General Business Law (§ 201) provides, in substance, that the hotelkeeper shall not be liable for damage to or loss of wearing apparel in the rooms of the guests in a sum exceeding $500, nor for loss of or damage to property in excess of $100 when delivered

to the hotel for storage or safekeeping in the storeroom or baggage room of the hotel, unless at the time of delivering the same for storage or safekeeping, such value in excess of $100 shall be stated and a written receipt stating such value shall be issued by said hotelkeeper, but in no event shall such hotelkeeper be liable for more than $500, unless it shall appear that said loss occurred through his fault or negligence.   The defendant contends that, the plaintiff not having stated in writing the value of the contents of the " hat trunk " and not having received a receipt stating such value, and not having paid any charge for the storage, is limited to a recovery of $100.  The defendant further contends that the limitation, contained in the said section, " unless it shall appear that such loss occurred through his fault or negligence," has changed the rule as to the burden of proof, and that now in order that the plaintiff may recover it is necessary for the plaintiff to affirmatively establish by evidence that the loss was occasioned through the fault or negligence of the defendant, whereas, before the said section was amended, a hotelkeeper had the burden of proving freedom from fault or negligence, and, now under the said section, as amended, the guest has the burden of proving the fault or negligence of the hotelkeeper.

The burden of proof was always on the plaintiff, and still remains on the plaintiff, in such an action, but the law is quite clearly settled that proof of the delivery of property of a guest to the hotel, coupled with proof of the failure of the hotelkeeper to redeliver the property, establishes *prima facie* negligence of the hotelkeeper, and it is still incumbent upon the hotelkeeper, even under the said section, as amended, to rebut the presumption arising from such proof of delivery and failure to redeliver that the loss occurred through the fault or negligence of the hotel-keeper.  (*Wilson* v. *Christal,* 187 App. Div. 660.)  The statute, being in derogation of the common law, should be strictly construed. (*Tompkins* v. *Hunter,* 149 N. Y. 117; *Johanns* v. *Ficke,* 224 id. 513.)  It is a rule of construction that statutes are not to be construed as effecting any change in the law beyond that which is expressed or necessarily implied from the language used.  (36 Cyc. 1145; *Rosin* v. *Lidgerwood Mfg. Co.,* 89 App. Div. 245.)  There is nothing in the express words of the statute, nor in any necessary implication to be drawn therefrom, that should make the court say that the Legislature intended by the enactment of this statute to change the rule of evidence.  The organization and development of hotels of the present day afford opportunities to the dishonest and the property of a guest in any of the large hotels of to-day is at the mercy of many people.  (*Briggs* v. *Todd,* 28 Misc. 208.)

The defendant may take such precautions as it deems proper for the protection of the property or baggage of a guest, when committed to its care, but if, notwithstanding these precautions, the property or baggage is not returned to the guest upon demand, the hotelkeeper, if unable to explain the failure to redeliver the property or baggage, should be held accountable in damages. In the present case the defendant offered testimony of a course of conduct in the guarding of the property or baggage of a guest, which, if true, would render the disappearance of the " hat trunk " more or less of a mystery. But if the defendant cannot explain the loss it cannot require the plaintiff to explain the failure to redeliver the " hat trunk." The statute, as amended, would seem to provide that, in the case of the property or baggage of a guest delivered to the hotelkeeper for keeping in the storeroom, the hotelkeeper is not liable in excess of $100, unless the value thereof is stated in writing and a receipt is given stating the value, in which event the hotelkeeper is not liable in excess of $500, but both of these limitations are subject to the exception clearly expressed in the statute, as amended, that such limitations do not apply in the case of loss of or damage to property of a guest occurring through the fault or negligence of the hotelkeeper. The defendant, having failed to explain the failure to redeliver the " hat trunk," has failed to rebut the presumption that the loss occurred through the fault or negligence of the hotelkeeper. The plaintiff, having proved the cost of the various dresses and articles of wearing apparel contained in the " hat trunk " in the sum of $463.50 (*Lake* v. *Dye*, 232 N. Y. 209), is entitled to recover that sum from the defendant.

Judgment accordingly. Five days' stay.