REGINA V. G. MILLHISER, Respondent, *v.* BEAU SITE COMPANY, Appellant.

(Argued June 4, 1929; decided July 11, 1929.)

*John McKim Minton, Jr.,* and *Harold R. Medina* for appellant. The uncontradicted facts in this case bring it squarely within the language of the statute and the determination of the learned justice at Trial Term was correct. (*People ex rel. N. Y. C.* v. *Woodbury,* 208 N. Y.

421; *People ex rel. L. & N. Y. R. R. Co.* v. *Sohmer,* 217 N. Y. 443; *Lake Co.* v. *Rollins,* 130 U. S. 662; *Honig* v. *Riley,* 244 N. Y. 105; *Harris* v. *Manischewitz Broadway Cent. Hotel,* 129 Misc. Rep. 329; *Hyman* v. *South Coast Hotel Co.,* 146 App. Div. 341; *Davis* v. *Hotel Chelsea,* 186 N. Y. Supp. 75.) The appellant fully complied with the provisions of the statute. (*Cooper-Snell Co.* v. *State of New York,* 230 N. Y. 249; *People ex rel. New York L. Ins. Co.* v. *Walsh,* 198 App. Div. 34; 233 N. Y. 539; *People* v. *Rogers,* 183 App. Div. 604.)

*William O. Gennert* and *George H. Eichelberger* for respondent. Section 200 of article 12 of the General Business Law does not apply to theft by the innkeeper or his agents. (*Wilkins* v. *Earle,* 44 N. Y. 172; *Hulett* v. *Swift,* 33 N. Y. 371; *Ramaley* v. *Leland,* 43 N. Y. 539; *Matter of Soule,* 72 Hun, 594; *Matter of Herrmance,* 71 N. Y. 481; *Magnin* v. *Dinsmore,* 62 N. Y. 35; 70 N. Y. 410; *D' Utassy* v. *Barrett,* 219 N. Y. 420; *Heuman* v. *Powers Co.,* 226 N. Y. 205; *Fein* v. *Weir,* 129 App. Div. 299; 199 N. Y. 540.) Defendant cannot limit its liability under section 200 of article 12 of the General Business Law, because it failed to post a printed copy of section 200 in a public and conspicuous place in the office and rooms of the Hotel Biltmore. (*People ex rel. Rand* v. *Craig,* 231 N. Y. 216; *People ex rel. Mason* v. *McClave,* 99 N. Y. 83; *Hancock* v. *Rand,* 94 N. Y. 1; *Porter* v. *Gilkey,* 57 Mo. 235; *Batterson* v. *Vogel,* 8 Mo. App. 24.) Defendant accepted for safekeeping the valuables offered by plaintiff-respondent under a special agreement, and, therefore, cannot claim a limitation of liability for their loss. (*Broadway Realty Co.* v. *Lawyers T. Ins. & Trust Co.,* 226 N. Y. 335; *Shubert Theatrical Co.* v. *Gallagher,* 200 App. Div. 596.)

*Charles J. Campbell* for New York State Hotel Association et al., *amici curiæ.* Section 200 of the General Busi-

ness Law, which limits innkeeper's liability to $500 for loss of property from hotel safe " by theft or otherwise " applies to a theft by an agent or servant of the innkeeper. (*Rosenplaenter* v. *Roessle,* 54 N. Y. 262; *Wies* v. *Hoffman House,* 28 Misc. Rep. 226; *Purvis* v. *Coleman,* 21 N. Y. 111; *Hyatt* v. *Taylor,* 42 N. Y. 258; *Davis* v. *Hotel Chelsea,* 186 N. Y. Supp. 75.) The posted notice was sufficient. (*Purvis* v. *Coleman,* 21 N. Y. 111; *Herter* v. *Dwyer,* 129 N. Y. Supp. 505.)

HUBBS, J. The defendant operates the Biltmore Hotel in New York city. It has two hundred safety deposit boxes provided for the use of guests. The plaintiff, a transient guest, delivered to the clerk at the desk a package containing jewelry of the value of $369,800. She did not notify him of the value of the package. He gave her a key to a safety deposit box and placed the package in it. The box could only be unlocked by the use of a master key and the key given to the plaintiff, or a duplicate thereof. Later the plaintiff called for the package. When the box was opened it was found that jewelry to the value of $50,000 was missing. Thereafter the clerk who had received the package from the plaintiff was convicted of stealing the missing jewelry.

The defendant had posted in the public rooms and guest rooms a notice which read: " A safe is provided in the office of this hotel for the use of guests in which money, jewels or other valuables may be deposited for safekeeping." No other or different notice was posted. The question for determination is whether the defendant is liable for $50,000, the value of the jewelry stolen, with interest, or whether its liability is limited to $250 by section 200 of article XII of the General Business Law (Laws of 1909, ch. 25; Cons. Laws, ch. 20), as it read at that time.

At common law an innkeeper was liable as an insurer of the property of guests lost by theft, unless the loss

was occasioned by the negligence or fault of the guest. (*Hulett* v. *Swift*, 33 N. Y. 571; *Wilkins* v. *Earle*, 44 N. Y. 172.) In order to relieve innkeepers of the heavy burden placed upon them by the common law, the Legislature enacted chapter 421 of the Laws of 1855. (*Rosenplaenter* v. *Roessle*, 54 N. Y. 262.) That statute provided that when any hotel shall provide a safe and " shall notify the guests thereof, by posting a notice [stating the fact that such safe is provided, in which such money, jewels or ornaments may be deposited], in the room or rooms occupied by such guest," and the guest shall fail to deposit the property, an innkeeper shall not be liable therefor. Under that statute it was decided that the common-law liability continued in case the hotel failed to post the notice as required by the statute. (*Hancock* v. *Rand*, 94 N. Y. 1.) Also that a guest could not recover the value of such articles when stolen if the hotel had posted the notice and the guest had failed to deliver the articles to the hotel for safekeeping. (*Hyatt* v. *Taylor*, 42 N. Y. 258.)

The section was amended by chapter 227 of the Laws of 1883 by requiring the notice to be posted in the office and public rooms and in the public parlors, instead of in the bedrooms as theretofore. It was again amended by chapter 284 of the Laws of 1892 by adding a provision to the effect that a hotel shall not be required to receive for safekeeping articles of more than $500 in value, and if a guest shall deliver for safekeeping in the safe such property, the hotel shall not be liable " for any loss thereof, sustained by such guest, by theft or otherwise, in any sum exceeding the sum of two hundred and fifty dollars, unless by special agreement in writing by proprietor or manager." The section was again amended by chapter 305 of the Laws of 1897 in a respect not material in this case. By section 200 of article XII of the General Business Law (Laws of 1923, ch. 417) the section was re-enacted without change in regard to the notice to be

posted, but increasing the limited liability from $250 to $500.

The Appellate Division has decided that section 200 of article XII of the General Business Law (Laws of 1909, ch. 25) does not protect the defendant or limit its liability because the jewelry was stolen by an employee of the defendant, thereby limiting the effect of the section to cases where the property of the guest placed with a hotel for safekeeping in a safe is stolen by some one not an employee of the hotel. We cannot agree with that construction of the section. There is nothing in the wording of the section which suggests such a limitation of its meaning. It is plain and unambiguous and provides that " Said proprietor, manager or lessee shall not be liable for any loss thereof, sustained by such guest or traveller by theft or otherwise, in any sum exceeding the sum of two hundred and fifty dollars, unless by special agreement in writing with such proprietor, manager or lessee." The purpose of the section is to protect the hotel from an undisclosed excessive liability.

The plaintiff left with the desk clerk jewelry of the value of $369,800 without notifying the clerk of its value, or in any way giving the defendant an opportunity of declining to accept the risk involved, as the section permitted it to do. The risk that the package might be stolen by an employee was greater, possibly, than that it might be unlawfully taken by someone not in the service of the defendant. The facts in this case illustrate the great liability which could be placed upon a hotel under the construction which has been given to the section. It was to enable hotels, without notice of value, to avoid liability, that the section provides that if a guest desires to impose a liability greater than $250, notice must be given of the value of the property deposited, and a written agreement entered into making the hotel liable for more than that amount.

During the many years that a statute has been in

existence in this State limiting the liability of a hotel to a guest, no case has been decided by this court indicating that such limited liability did not exist in case the property of a guest deposited for safekeeping was stolen from a hotel by an employee thereof. Such a holding by this court would nullify the purpose of the statute and be in conflict with the spirit and intent thereof.

We do not hold that section 200 limits the liability of a hotel to $250 where the value of the articles left for safekeeping in a safe is not disclosed, and the articles are stolen by the hotel keeper. Such a theft would be by the hotel keeper from the guest and not a theft from the hotel keeper. We read the statute to mean a theft of the articles from the hotel keeper and not a theft by the hotel keeper from the guest. The act of the defendant's employee in stealing the jewelry was a wrongful act, outside the scope of his employment and for his own enrichment. It was not in any sense the act of the defendant. (*D' Utassy* v. *Barrett,* 219 N. Y. 420.)

The respondent relies upon a statement in the opinion in *Honig* v. *Riley* (244 N. Y. 105). The opinion in that case dealt with the construction of section 201 of article XII of the General Business Law (Laws of 1909, ch. 25). That section limits a hotel keeper's liability as an insurer " where it shall appear that such loss occurred without the fault or negligence of such hotel keeper." The statement in the opinion is: " The statute is aimed at loss or misadventure. It has no application to theft by the defendant or his agents." The reference is to the hotel keeper's liability, not as an insurer, but for negligence, and simply means that under the section in question he remains liable for the negligent acts of himself and his agents under the general rules of law applicable to actions for negligence.

While we are in agreement with the result reached by the Appellate Division, we place our decision upon a different ground. Section 206 of article XII of the

General Business Law (Laws of 1909, ch. 25) provides: "Every keeper of a hotel or inn shall post in a public and conspicuous place and manner in the office or public room, and in the public parlors of such hotel or inn, a printed copy of this section and sections two hundred and two hundred and one." That provision first appeared in chapter 25 of the Laws of 1909. The section as drafted by the Board of Statutory Consolidation and submitted to the Legislature did not contain a provision for posting a printed copy of sections 200 and 201. The Legislature added that provision to the proposed section. The reason for adding the provision is manifest. A guest, upon reading a notice that "a safe is provided in the office of this hotel for the use of guests in which money, jewels and other valuables may be deposited for safekeeping," would naturally understand that if valuables were deposited in pursuance to the notice, the depositor would be protected to the extent of their value. There is nothing in such notice to indicate any statutory limitation of the liability of the hotel. It is unquestionably misleading and unfair to require the guest to deposit valuables for safekeeping in a safe and in case of loss to permit the hotel to assert a limitation of liability without any notice of such right to the guest. If, however, section 200 is printed and posted with the notice, a guest is notified of the true situation and acts with knowledge.

The statute must be read as a whole. We cannot by construction delete the provision requiring that sections 200 and 201 be printed and posted.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.