Ethel Udell, Plaintiff, *v.* Hamburg-American Line, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, October 30, 1931.

*Single & Single* [*Wayne D. Bird* of counsel], for the plaintiff.

*William B. Devoe* [*Jay F. Tiffany* of counsel], for the defendant.

Genung, J.   On December 17, 1929, the plaintiff became a passenger on board the steamship *Resolute*, operated by the defendant and due to sail on that day on a cruise to the West Indies.   The defendant assigned the plaintiff to a stateroom on the ship to which she took her personal baggage or effects for use on the voyage just shortly before sailing time.   Among these belongings was a fur coat which plaintiff hung or caused to be hung in the closet in her stateroom and closed its door.   Desiring to go back on deck to speak to some friends who had come to see her off, the plaintiff left her stateroom, closed and locked the door but could not remove the key.   The plaintiff thereupon called the ship's steward to fix the lock and then proceeded on deck to bid goodbye to her friends.   When she returned to her stateroom shortly thereafter, the plaintiff discovered that her fur coat had been stolen and notified the ship's steward.   The plaintiff brings this action to recover the value of the stolen coat.

The defendant claims the loss was occasioned by the fault or neglect of the plaintiff and not of the defendant, and further relies upon the terms of its contract with the plaintiff which provides "5. The Carrier shall not be liable in any capacity whatsoever, for loss or detention of, or injury to, any baggage, hand baggage or other property of a passenger, unless delivered to and into the actual custody of the Carrier's baggage masters on the wharf or vessel, or the chief steward of the latter, and then only when directly caused by the negligence of the Carrier; nor shall the Carrier's liability for such baggage exceed in any event the sum of One Hundred Dollars ($100.00) per trunk or other similar piece of baggage and shall not exceed the sum of One Hundred Dollars ($100.00) for the whole of a passenger's hand-baggage or other property, it being agreed by the passenger that the value of each trunk or piece as aforesaid and the total value of the whole of his hand-baggage or other property delivered into the custody of the Carrier's baggage masters or chief stewards as above provided, does not exceed said sum of One Hundred Dollars ($100.00), respectively, upon which valuation the price of passage thereunder is in part based, unless at the time of delivery of the same to the Carrier, the passenger shall in writing specify a greater value and shall pay to the baggage-master at the rate of 1% on the excess of value thus specified over and above such sum of One Hundred Dollars ($100.00), in which case the Carrier's liability shall not exceed such specified valuation. The carrier shall not be liable for loss, damage of, or injury to, property carried in staterooms, on the person, or in the custody of the passenger."

There are two questions to be determined, namely: (1) Is the defendant liable on the facts? (2) If so, how much is the liability?

When a steamboat or steamship which provides cabins or staterooms in which the passenger is expected to deposit the baggage needed for the voyage and to retire to rest, such as was provided in this case, the responsibility of the carrier with respect to such baggage is that of an innkeeper. (*Holmes* v. *North German Lloyd Steamship Co.*, 184 N. Y. 280, 284.)

At common law an innkeeper is liable as an insurer of the property of guests lost by theft, unless the loss was occasioned by the negligence or fault of the guest. (*Millhiser* v. *Beau Site Co.*, 251 N. Y. 290, 292, 293; *Holmes* v. *North German Lloyd Steamship Co.*, *supra*; *Adams* v. *New Jersey Steamboat Co.*, 151 N. Y. 163.)

The defendant having assigned the plaintiff to a stateroom had taken entire charge of her as a passenger and her effects. By placing her coat in the closet within the stateroom, closing the stateroom door and attempting to lock it, and, upon being unable

to do so, calling the steward to remedy the condition, the plaintiff did all that could be reasonably expected of her. (*Lincoln* v. *New York & Cuba Mail Steamship Co.*, 30 Misc. 752.) Under the rule as applied in that case the plaintiff here was not negligent and the defendant is liable for the value of the property lost.

While the evidence fixed the purchase value of the coat at $700, the defendant contends that the contract clause above set forth limits its liability. It should be noted here that the defendant does not claim in its brief that the last sentence of clause 5 which constitutes the third defense alleged in the answer is valid and availing. That provision of the contract is so broad as to exempt the defendant from liability for its own negligence. That no effect can be given to such part of the agreement is recognized even by the defendant.

The contract clause establishes two classes of baggage or personal effects, namely, that not necessary or convenient for use during the journey, which is carried under the supervision of the ship's officers in the hold or in the baggage room, and that which is carried in the passenger's stateroom, such as personal clothing, etc. As to the former, the rigid common-law responsibility of a common carrier attaches, and the contributing negligence of the owner can be no defense. (*American Ry. Ex. Co.* v. *Ewing Thomas Conv. Co.*, 292 Fed. 335, 338.) As to the latter, the liability of an innkeeper is imposed as stated above. The agreement with the passenger in this instance provides for a limitation of liability to not exceeding $100, in the absence of a written declaration of a greater value and the payment of the additional proportionate charges therefor, for loss or injury to trunks or other similar pieces of baggage and hand baggage or other property delivered into the custody of the carrier's officers to be transported under their supervision and by the carrier or ship as a common carrier. There is no suggestion in the language of the clause limiting the extent of liability that it is intended to include property to be carried in the stateroom assigned to the passenger.

Plaintiff is entitled to recover judgment in the sum of $500.

Five days' stay of execution.