LEWIS LEVINE, Plaintiff, *v.* MANHATTAN BEACH BATHING PARKS CORPORATION, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, September 27, 1934.

*Harold Grossman*, for the plaintiff.

*William E. Lowther*, for the defendant.

LEWIS (DAVID C.), J. The defendant is the proprietor of a popular metropolitan bathing resort.

The plaintiff is one of its old patrons.

Among the facilities for its patrons, the defendant provides special accommodations for checking their valuables.

On the day in question the plaintiff, in the ordinary course of events, placed his valuables (which included a ring) in one of the special envelopes furnished by the defendant for that purpose; sealed the envelope, and then handed it in at the cage to the defendant's agent there in charge. This agent in turn placed the sealed envelope in one of the separate pigeon holes provided for such purpose. Later on during that day, the plaintiff presented himself at the cage; and the identical sealed envelope was handed back to him.

The plaintiff then walked a slight distance, out of the way of others, and opened the envelope by tearing off a portion at the top. It is the plaintiff's claim that after opening this envelope and emptying its contents, he could not find his ring. No other article was missing.

The query presents itself: When and how did the ring disappear?

The unwillingness of any one to admit responsibility is not startling. It runs contra to the grain of human nature for man to freely assume liability for an unaccountable loss; especially where another may just as well be held at fault. In such instances, I doubt that a sense of reason or righteousness is in itself sufficient to induce belief in our individual fault. The conflicting currents of self-interest may influence even the supposed truth-telling witness.

No finger of suspicion is pointed at any of the defendant's employees. Nor is there any reflection upon the good faith of the plaintiff. In all fairness, neither side impugns the honesty of the other. The plaintiff was acquainted with the defendant, and defendant's employees knew the plaintiff.

No specific defect or omission in the procedure or precautions adopted by the defendant is indicated; and there is neither sign, symptom nor direct evidence of theft. But these facts, in themselves, are not determinative.

"Proof of the general care, with which the baggage room and its contents were guarded, was not sufficient to establish conclusively that there was no want of care in this particular instance." (*Fairfax* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 11, at p. 14.)

The legal relationship between the parties is admitted — bailor and bailee.

The legal duty of the bailee is not disputed — to exercise reasonable precaution in the care of the bailor's property and to return it to him.

Hence the rule is that if the ring disappeared while in the defendant's custody, the defendant must explain or account.

" The failure of that company to produce the subject of bailment when demanded, *prima facie* established negligence and want of due care. When there is a total default to deliver the goods bailed, on demand the *onus* of accounting for the default lies with the bailee." (*Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y. 184, at p. 189.)

If there were neither theft nor mistaken delivery, how was it possible for this ring to disappear?

Convinced as I am of the honesty of the parties, in the absence of direct evidence, the court studies the surrounding circumstances for guidance.

It would be unreasonable to assume that any one had deliberately opened the sealed envelope, purloined the ring, and then returned the envelope (sealed and with all its other contents intact) to the pigeon hole.

Eliminating the explanation of larceny, and considering that no other property was missing, one asks whether it was possible that the property could have been delivered by mistake. (*Fairfax* v. *N. Y. C. & H. R. R. R. Co.*, *supra*.)

In all of the cases cited, and in those to which the court has had resort, this explanation was entertained only where there was a total default to deliver the goods to the bailee — for example, where a trunk or similar item of baggage had entirely disappeared. (*Rawn* v. *14 East 60th Street Hotel Corp.*, 126 Misc. 247.) In such event one could with equanimity and equity hold if the bailee made a wrongful delivery, it is possible that he would have no recollection of the mistake. (*Fairfax* v. *N. Y. C. & H. R. R. R. Co.*, *supra*.)

The proof before this court establishes that the sealed envelope passed directly from the defendant's agents into the plaintiff's hands. There is no testimony that would warrant the court in inferring that there had been any delivery of this envelope prior to this occasion.

Upon the return of his envelope to him, the plaintiff tears off the top, and then relieves the envelope of its contents. Unless precaution is taken to see that there is nothing in that portion torn off by the plaintiff, and unless care is taken by him in emptying the envelope, here at this stage there is the opportunity for loss of a small article. Checking the chain of conduct, here one finds the weak link — that it was more than scarcely possible for the loss to have then occurred.

No theory, therefore, remains upon which the responsibility for this loss can be placed upon the shoulders of the defendant.

Complaint dismissed.