SHIRLEY BOOTH GARDNER, Appellant, v. ROOSEVELT HOTEL, INC., and PLAZA SERVICE CO., INC., Respondents.*

First Department, January 16, 1942.

*Benjamin Seligman* of counsel [*Edward F. Seligman* with him on the brief; *Seligman & Seligman*, attorneys], for the appellant.

*Hyman I. Kones* of counsel [*Fred Flatow* and *Henry H. Abramowitz* with him on the brief; *MacPeak, Flatow & Abramowitz*, attorneys], for the respondents.

UNTERMYER, J. The plaintiff attended a dog show at the ball room of the Hotel Roosevelt in New York city. At the checking facilities maintained by the defendants on the mezzanine floor she checked a mink coat and received a coat check. About two and one-half hours thereafter she presented the check and demanded

* Revg. 176 Misc., 546, which revd. 175 id. 610.

the coat. The coat was never returned, the defendants asserting that it had disappeared.

The plaintiff brought this action against the hotel and the checking concessionaire, Plaza Service Co., Inc., to recover the value of the coat. In addition to denials the defendants by their answer asserted a partial defense based upon section 201 of the General Business Law, alleging that their liability was limited to the sum of seventy-five dollars. At the trial it was conceded by stipulation that the coat had been checked at the time and place stated in the complaint and had not been returned.

The photographs, considered in connection with the evidence, revealed that the coat racks had been placed in proximity to several elevators in the corridor of the mezzanine floor. They were at least partially barricaded against intruders by tables and chairs and by other empty racks. The defendants also offered evidence that three attendants were on duty when the plaintiff's coat was checked and lost. Beyond this the defendants offered no material evidence. They failed to offer evidence of the posting of a printed copy of the statute specified in section 206 of the General Business Law. The trial justice thereupon directed a verdict in favor of the plaintiff, only submitting to the jury the question of the value of the coat. The Appellate Term reversed the judgment and ordered a new trial.

We think the action of the trial court was justified by the record. The defendants could not avail themselves of section 201 of the General Business Law in the absence of evidence that they had complied with section 206. (*Millhiser* v. *Beau Site Co.*, 251 N. Y. 290.) Upon familiar principles of the law of bailment it was, therefore, incumbent on the defendants to justify their failure to produce the coat on demand. (*Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 363; *Claflin* v. *Meyer*, 75 id. 260.) This the defendants did not do by proof that they had provided barricades surrounding the checking facilities and had employed three girls as attendants throughout the afternoon. That evidence leaves open many possibilities of loss or theft which the defendants did not attempt to controvert. The coat might negligently have been delivered to the wrong party or it may have been taken by one of the defendants' employees. The defendants, having failed to account for the loss of the coat or to establish that they had exercised due care while it was in their custody, were properly held liable by the trial court. (*Dalton* v. *Hamilton Hotel Operating Co., Inc.*, 242 N. Y. 481.)

The determination of the Appellate Term should be reversed

and the judgment of the City Court affirmed, with costs to the appellant in this court and in the Appellate Term.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Determination of the Appellate Term unanimously reversed and judgment of the City Court affirmed, with costs to the appellant in this court and in the Appellate Term.