DORA CARLTON, Respondent, *v.* BEACON HOTEL CORPORATION, Appellant.

First Department, December 18, 1956.

*Harry L. Barshay* of counsel (*Alfred H. Hetkin* and *Herman Jervis* with him on the brief; *Hetkin, Jervis & Hetkin,* attorneys), for appellant.

*Paul D. Compton* of counsel (*Eugene Wollan* with him on the brief; *Rein, Mound & Cotton,* attorneys), for respondent.

BREITEL, J. Plaintiff, a guest of the defendant hotel, brought this action to recover for the loss of a package of jewelry and a package of foreign currency which she had deposited for safekeeping with the defendant's desk clerk. Defendant appeals from a judgment entered after a jury verdict in the amount of $10,000 in the plaintiff's favor. The judgment should be modified to limit the plaintiff's recovery to $500.

At the time plaintiff registered as a guest at the defendant hotel, she asked the desk clerk whether he had a safe-deposit box, as she "wanted to put some things away." The clerk replied that there were none presently available, but that he would store her valuables safely, until a safe-deposit box became vacant. He gave plaintiff an envelope specifically designed to receive guests' valuables. She placed her package of jewelry (worth $23,000, according to her verified bill of particulars) in

the envelope but left blank the item "Declared Valuation". She then gave the clerk the sealed envelope. Plaintiff, during her six-weeks stay at the hotel, on five occasions utilized this procedure to deposit and redeposit her jewelry and on one occasion to deposit a package of English and French currency.

The hotel had a large iron safe containing, among others, some 66 individual safe-deposit compartments and three larger compartments. One of the larger compartments, number 45, was used exclusively for envelopes containing guests' valuables. The desk clerk testified that according to the routine prescribed by the management, the envelopes were placed in compartment 45. He further testified that he could recall no deviation by him from this general practice. On the other hand, the clerk had no specific recollection of the several deposits of valuables made by plaintiff. Neither the packages of jewelry nor currency, nor even the envelopes in which they were deposited, were ever recovered.

After both sides rested, defendant moved for a directed verdict in favor of plaintiff in the amount of $500. This motion was based on the provisions of section 200 of the General Business Law. In denying the motion, the trial court stated that defendant had met two of the conditions imposed by that section, namely: (1) providing an adequate safe for the deposit of guests' valuables and (2) posting effective notices to inform the guests that such a safe was provided. The trial court, however, went on to deny the motion, because it construed section 200 as requiring the hotel to actually deposit the valuables in the safe in order to take advantage of the limited liability provisions of that section. Accordingly, on the issue of liability, the trial court submitted to the jury the single question, namely, whether the defendant actually put the plaintiff's property in the safe.

Even apart from the absence of any evidence in the record to indicate that in fact defendant did not deposit plaintiff's valuables in its safe, the verdict and judgment must be reduced. Section 200 of the General Business Law, in language that is quite clear, states that a hotelkeeper who provides a safe and posts requisite notices is not liable at all for the loss of guests' valuables unless the guest delivers the valuables for deposit in the safe. Where the valuables have been delivered to the person in charge of the safe "for deposit in such safe", the hotel's liability is limited to $500, unless it otherwise agrees in writing.

Section 200 was enacted "to relieve innkeepers of the heavy burden imposed upon them by the common law * * *. The

purpose of the section is to protect the hotel from an undisclosed excessive liability." (*Millhiser* v. *Beau Site Co.*, 251 N. Y. 290, 293, 294.) It is conceded in this case that the hotel complied with the posting requirements of sections 200 and 206 of the General Business Law. There is likewise no contention that the safe here provided by the hotel did not adequately comply with the statutory requirements.

The trial court, however, read into the statute a further requirement that the hotel prove actual deposit of the valuables in the safe. Neither the language of the section nor the precedents thereunder support that view. It has been held by the Court of Appeals that section 200 limits the liability of the hotel, even in instances when the loss is occasioned by a theft committed by an employee of the hotel. (*Millhiser* v. *Beau Site Co.*, *supra.*) As construed by the trial court, the statute would not protect the hotel from unlimited liability when the desk clerk himself converts the valuables upon receipt from the guest. In the *Millhiser* case the court noted that the risk of loss by theft is greater as regards theft by employees than as regards theft by strangers. Similarly, the risk of theft by the employee receiving the property is greater than the risk of theft by other employees. (Of course, there is no evidence in this case that plaintiff's loss was occasioned by a theft, or any implication that the loss was caused by the desk clerk.) The opinion in the *Millhiser* case indicates that the hotel's ability to claim the benefits of section 200 did not turn on whether the larcenous clerk perpetrated the theft before or after guests' valuables were placed in the safe.

The record here demonstrates that plaintiff, with knowledge of the limited liability imposed on defendant by statute, deposited her jewelry and other property without making any declaration of value. Defendant, having complied with all the expressed conditions of section 200, is entitled to the benefit of the limited liability therein provided.

The judgment should be modified, on the law, to limit plaintiff's recovery to $500 and otherwise affirmed, with costs to appellant.

PECK, P. J., BOTEIN, RABIN and COX, JJ., concur.

Judgment unanimously modified so as to limit plaintiff's recovery to $500 and, as so modified, affirmed, with costs to the appellant.