Leonard H. 'Sandleb, J.
Plaintiff, a guest of the Barclay Hotel, sues for the value of property, primarily wearing apparel and jewelry, lost on the steps of the hotel while she was in the process of leaving.
Plaintiff testified that after her two bags were brought to the lobby floor, she asked a bellboy to take them to the cab area and to watch them while she checked out. When she came to the cab area, only one of her bags was there and the bellboy was not present. A search failed to disclose the missing bag or its contents.
No directly contradictory testimony was presented. A representative of the hotel did testify to a telephone conversation in which plaintiff allegedly gave a different version of the event and described the personal property as business samples. However, I accept as substantially accurate the *401 plaintiff’s trial testimony as to the property that was lost and the manner in which it was lost.
Accordingly, I find that the property was lost through the actual negligence of the defendant. No doubt the bellboy was under no inherent duty to watch the bags, and it may well be that his implicit undertaking to do so violated his instructions. Nonetheless, when he accepted the bags with the accompanying request to watch them, without explicitly declining the latter request, an obligation of care was assumed which quite clearly was not fulfilled.
As to the claim for lost property other than jewelry, it is clear that the limitations of value set forth in section 201 of the General Business Law are not applicable, because of the actual negligence of the defendant. That section, relating to loss of clothing and other personal property, explicitly exempts from its coverage losses due to “ fault or negligence.” (Honig v. Riley, 244 N. Y. 105 [1926].)
The claim for the items of lost jewelry presents a more troublesome problem. Section 200 of the General Business Law excludes recovery by a hotel guest for loss of, among other categories enumerated, jewels, ornaments and precious stones where the hotel provides a safe for .such items, gives appropriate notice of that fact, and the guest does not use that facility. It was conceded that the hotel maintained such a safe and had posted the required notice.
Preliminarily, I find that the items of jewelry here involved, which included a necklace, a pendant, earrings and the like, come within the definition of “jewels” and “ornaments”, as those terms are used in section 200. The distinction drawn in the leading case of Ramaley v. Leland (43 N. Y. 539, 542 [1871]), which has been consistently followed, is between articles ‘1 carried for use and convenience ’ ’ and articles worn as an “ornament”. (See Federal Ins. Co. v. Waldorf Astoria, 60 Misc 2d 996 [Civ. Ct., N. Y., 1969] for a comprehensive review of the cases.)
Moreover, although the question is less clearly settled than one would have supposed, it now appears to be the law that a guest who has failed to deposit property for safekeeping in accordance with the requirement of section 200 may not recover for the loss even if the hotel was actually negligent. (Adler v. Savoy Plaza, 279 App. Div. 110 [1st Dept., 1951]; but, see, Chatillon v. Cooperative Apt. Co., 90 Misc. 108 [Sup. Ct., 1915]; Rawn v. 14 East 60th St. Hotel Corp., 126 Misc. 247 [Mun. Ct., 1925] ; Davis v. Hotel Chelsea, 186 N. Y. S. 75 [App. Term, 1st Dept., 1921].)
*402 What seems to me decisive here is that section 200 was not designed to apply to a loss occurring under the circumstances of this case. Section 200 clearly contemplates a procedure for safeguarding the specified categories of property during a guest’s stay at a hotel. Its provisions do not seem to me to be reasonably applied to a loss that takes place when a guest is about to leave, has gathered together her property preparatory to an imminent departure, and is arranging for the transfer of luggage to a vehicle for transportation.
Although that situation presents some conceptual difficulties, I am satisfied that the sensible and fair approach is to consider a loss occurring at that point in time neither in terms of the provisions of section 200, nor in terms of the traditional common-law liability of innkeepers, but rather on the basis of the presence or absence of actual negligence. (Cf. Hyman v. South Coast Hotel Co., 146 App. Div. 341 [2d Dept., 1911].)
Having found that the loss here resulted from the negligence of a hotel employee, acting within the scope of his employment, I hold that plaintiff is entitled to recover the value of the lost jewelry.
In fixing the value of the lost jewelry, I have concluded that their cost to the plaintiff fairly represents their value at the time of loss. As to the other items of property I have considered, among other factors, their cost to the plaintiff, the nature of the articles, the time of purchase and the amount of use.
Accordingly, I fix the value of the jewelry at $592.05, and the value of the other items of personal property at $1,125.
Judgment may be entered for the plaintiff in the total amount of $1,717.05.