Harry T. Nusbatjm, J.
In the case at bar which was transferred from the Supreme Court pursuant to the provisions of CPLE 325 (subd. [d]), the plaintiff, a Belgium national, sues to recover the sum of $10,000 allegedly missing from two enve *2 lopes deposited for safekeeping in a safe containing individual safe-deposit box compartments maintained by the hotel for the use and convenience of its guests.
The defendant pleads by way of defense that its liability is limited to $500 by reason of the provisions of sections 200, 201 and 206 of the General Business Law. It further pleads, as a defense, the plaintiff’s contributory negligence and its own freedom from negligence.
From the testimony adduced during the trial, it would appear that on April 14,1971 the plaintiff, a guest at the hotel, requested the use of a safe-deposit box in which he placed an envelope containing $18,000 in cash. Again, on April 30 he deposited another envelope in the safe-deposit box containing $8,000 in cash. I am satisfied from the testimony of the plaintiff, his wife, and one of the plaintiff’s customers, who paid a part of the sums in question to the plaintiff, that the plaintiff did in fact deposit the sum of $26,000 in the hotel safe-deposit box in the safe maintained by the hotel for that purpose.
On May 12, 1971 the day before the plaintiff was scheduled to return to Belgium, he requested the safe-deposit box in order to remove the money therefrom. Upon opening the box, he noticed that a rubber band placed by him around one of the envelopes was askew. He thereupon immediately sat down with his wife on a bench near the hotel desk, opened up the envelopes and counted the money. He found $5,000 in old bills missing from each envelope for a total of $10,000. The loss was immediately reported to the hotel employees and the Police Department, whose investigation of the loss proved fruitless.
It is alleged by the hotel that the sole key to the box remained in the possession of the plaintiff during the period from April 14 through May 12 except for the brief periods the key was given to the desk clerk for the removal and locking of the box in the safe- on April 14, April 30 and May 12.
The process of removing and locking up the safe-deposit box in question was similar to that employed generally by banks. Two keys are required to do so, the customer’s key and the hotel master key. Neither key by itself could effect a removal of the box from the safe. However, unlike bank procedures, the box at the time it is removed from the safe and returned to the safe is hidden from the view of the depositor by the safe ■ door which opens in such a manner as to obstruct any view into the room housing the safe.
These facts, virtually undisputed except by implication, leave two unanswered questions, the resolution of which will be dis- *3 positive of the matter: (1) Were the notices of limitation of liability conspicuously posted as required by law so as to effect notice to the plaintiff which would limit the defendant’s liability? (2) Did the defendant as bailée of the plaintiff’s property come forward with a suitable explanation of the claimed loss which would free it from the implication of lack of ordinary care?
I am of the opinion that both of these questions must be answered in the negative. The applicable sections of the General Business Law, sections 200, 201 and 206 must be read together, and those sections when read together require not only that a notice be posted advising the guests of the hotel that a safe is available for the deposit and safekeeping of money, jewels, negotiable securities and precious stones belonging to the guests, but also that notice be given to the guests of the hotel’s limitation of liability imposed by law upon the guests when such facility is used.
The Court of Appeals in the case of Millhiser v. Beau Site Co. (251 N. Y. 290, 296), in discussing the addition of section 206 to the provisions of the General Business Law in effect at the time stated: “ The reason for adding the provision is manifest. A guest, upon reading a notice that ‘ a safe is provided in the office of this hotel for the use of guests in which money, jewels and other valuables may be deposited for safekeeping, ’ would naturally understand that if valuables were deposited in pursuance to the notice, the depositor would be protected to the extent of their value. There is nothing in such notice to indicate any statutory limitation of the liability of the hotel. It is unquestionably misleading and unfair to require the guest to deposit valuables for safekeeping in a safe and in case of loss to permit the hotel to assert a limitation of liability without any notice of such right to the guest. If, however, section 200 is printed and posted with the notice, a guest is notified of the true situation and acts with knowledge.
“ The statute must be read as a whole. We cannot by construction delete the provision requiring that sections 200 and 201 be printed and posted.”
The facts with respect to the notices posted by the hotel in the instant case appear to be as follows :
In the guest’s room in the hotel, a notice is posted which advises him in legible clear type: “We have safety-deposit boxes that are available for you without charge. We will appreciate your co-operation.”
At the time the guest registered at the hotel, there was printed legibly and clearly on the registration card the following legend: *4 “ Money, jewels and other valuables, packages must be placed in the safe in the office, otherwise, the management will not be responsible for any loss.”
It is to be noted that in both of these instances, the guest is not advised of any limitation of liability or of the fact that the hotel is not required to take for deposit money, jewels or other valuables valued in excess of $500. The only notices which allegedly notified the guest of this limitation of liability are contained in a notice to guests which is posted at the right-hand side of the registration desk, which notice is not in his direct line of vision and which he will see only if he turns to face that wall; and a notice in one other place vaguely described as being in the lobby of the hotel near the elevators.
These notices, which are on a 7 inches by 9 inches card, contained in black large type approximately % inch tall, a legend which reads as follows: “ notice to guests, a safe is pbovided IN THE OFFICE FOB THE SAFE KEEPING OF MONEY, JEWELS, OBNA-MENTS, BANK NOTES, BONDS, NEGOTIABLE SECUBITIES AND PBECIOUS stones belonging to guests.” There then follows in clear type a space for the posting of daily rates and charges, and then in letters approximately l/16th inch high or less, the provisions of the General Business Law which to my mind are illegible and unreadable except from a distance of 10 to 12 inches.
Thus the guests of the defendant’s hotel are advised of the existence of the safe, requested to place their valuables in the safe, warned of the consequences if such request is not complied with, but notified of the hotel’s limited liability with respect to such property deposited in the safe by notices posted only in technical compliance with the law, which in effect give no notice of the limitations.
In my opinion it was the intention of the Legislature to seé to it that real and effective notice of the hotel’s limitation of liability was given to its guests. This conclusion is reached and bolstered by. the provisions contained in each of the sections dealing with limitations of liability which state that a printed copy of the-section be posted “ in a public and conspicuous place and manner. ’ ’ In the case at bar I do not regard the posting of the notice setting forth the hotel’s limitation of liability as a posting in a “ public and conspicuous place and manner ”, sufficient to effect a limitation of liability. In fact, it is my belief that the notice and warning on the registration card and the notice in the guest’s room would lead a guest to the conclusion that he must deposit his valuables in the hotel safe in order to be safeguarded (Millhiser v. Beau Site Co., 251 N. Y. 290, 296, *5 supra), and that no limitation of liability exists if he complies with this request.
However muddy and unclear the law may be with respect to what constitutes posting in “ a public and conspicuous place and manner ”, it is clear that the failure to deposit property for safeguarding pursuant to the provisions of section 200 of the General Business Law will free the hotel of any liability for loss even if such loss occurred through its own negligence. (Spiller v. Barclay Hotel, 68 Misc 2d 400; Adler v. Savoy Plaza, 279 App. Div. 110.) The corollary must therefore be held to be equally true. A finding that the guest did not receive proper notice of the limitation of the hotel’s liability should render it fully liable if the guest’s valuables are deposited pursuant to the provisions of section 200 of the General Business Law (Insurance Co. of No. Amer. v. Holiday Inns of Amer., 40 A D 2d 885).
Under the common law, the liability of an innkeeper was that of an insurer of the property of a guest unless it could be shown that such loss was occasioned by the fault or negligence of the guest. (Millhiser v. Beau Site Co., 251 N. Y. 290, supra.) As the sections in question are in derogation of the common-law rule relative to the liability of innkeepers, they must be strictly construed. (Epp v. Bowman-Biltmore Hotels Corp., 171 Misc. 338; Federal Ins. Co. v. Waldorf-Astoria Hotel, 60 Misc 2d 996.)
These facts have been established to my satisfaction. The money was deposited as claimed by the plaintiff in this action. Upon his attempted withdrawal of the moneys deposited, $10,000 was found to be missing and no adequate explanation has been proffered by the hotel for the mysterious disappearance of the money. I am of the opinion therefore that the hotel’s liability for such loss has been established (Dilkes v. Hotel Sheraton, 282 App. Div. 488; Gardner v. Roosevelt Hotel, 263 App. Div. 268; Carlton v. Beacon Hotel Corp., 3 A D 2d 28, affd. 4 N Y 2d 789).
Not having been notified of the necessity of advising the hotel if the property deposited exceeded $500 in value or of the necessity of making a separate agreement with respect to such property if it exceeded $500 in value, the plaintiff cannot be held to have been contributorily negligent with respect to its loss.
Judgment is accordingly awarded to the plaintiff in the sum of $10,000 with interest, as demanded in the complaint.