[No. 7797. Department One. June 9, 1909.]

HENRY WATT et al., Respondents, v. THOMAS T. KILBURY et al., Appellants.[1]

INNKEEPERS—LOSS OF PROPERTY—BURDEN OF PROOF. Upon proof of the loss of personal property from the room of a guest at a hotel, the burden of proof is upon the innkeeper to show facts exonerating him from liability.

SAME—LOSS BY GUEST—EVIDENCE—SUFFICIENCY. The evidence was sufficient to fix upon an innkeeper, as the insurer of the property of his guest at common law, liability for loss of a lady's hand bag containing a gold watch and $460 in money, which the guest left upon her bed while absent from the room for a few minutes, notwithstanding a conflicting statement made by the guest, an old lady in ill health, while greatly agitated over the loss.

COMPROMISE AND SETTLEMENT—INNKEEPER'S LIABILITY—LOSS BY GUEST. Where guests suffered a loss of personal property left in their room, a note given in payment for a balance due upon room rent in order to release their baggage, is not a settlement of the claim for the loss of property.

INNKEEPERS—LOSS BY GUESTS—EXEMPTION BY NOTICE—STATUTES—COMPLIANCE. A hotel keeper is not exempted from liability for the loss of property of guests under Bal. Code, § 5977, where he failed to keep an iron safe or vault in good order for the custody of valuables, and failed to post a copy of the statute in the sleeping rooms, as required by the act; as the act must be exactly complied with to relieve from liability.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered May 6, 1908, upon findings in

[1]Reported in 102 Pac. 403.

favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to recover for the loss of personal property stolen from the room of guests at a hotel. Affirmed.

*Munter & Lovejoy* and *Neal, Sessions & Myers*, for appellants.

*Belt & Powell*, for respondents.

GOSE, J.—The respondents, the plaintiffs below, commenced this suit for the recovery of the value of certain money and personal property. The complaint charges that, on November 6, 1907, the appellants were hotel and innkeepers, owning and conducting the Riverside Hotel, in the city of Spokane; that the respondents were guests at such hotel, and had in their possession at such time $460 in lawful money, one gold watch of the value of $150, one gold ring of the value of $25, and one gold ring of the value of $10, which were kept by them in a small handbag; that on such day the respondents were absent from their room for a few minutes, leaving the handbag with its contents in their room in the hotel; that at the time of leaving their room, the door to the same was closed, and that upon their return to the room, they discovered that the handbag with its contents had been abstracted and stolen.

The answer admitted that the appellants owned and conducted the inn and hotel at the time stated, and that the respondents were guests therein. Issue was joined upon the other averments of the complaint. The appellants pleaded affirmatively, (1) a compliance with the provisions of Bal. Code, § 5977 (P. C. § 5586) ; (2) that if any loss occurred, it was due to the negligence of the respondents in absenting themselves from their room and leaving their room door unlocked for an unreasonable length of time; (3) that after the loss, if any, occurred, there was a settlement between the appellants and the respondents, whereby the respondents gave appellants their note for $17 in payment of the rental for

their room. The reply joined issue upon the affirmative matter pleaded in the answer. The case was tried to the court, and terminated in a judgment for the respondents. An appeal was taken from such judgment.

At the threshold of the case the appellants insist that, in cases of this character, a recovery cannot be had on a mere preponderance of evidence, but that the evidence upon which a recovery is authorized must be clear, convincing, and conclusive. *Crapo v. Rockwell*, 94 N. Y. Supp. 1122, is cited as supporting this contention. As we read the case it affords them no aid. The question at issue in that case was whether a woman who had lived in a hotel continuously for some seventeen months was a guest. The court held that the relation of innkeeper and guest did not exist under such circumstances. When the relation of innkeeper and guest and the loss of goods have been established, the true rule is that the innkeeper is *prima facie* liable, and the burden is on him to show such facts as will exonerate him. 22 Cyc. 1082; *Johnson v. Chadbourn Finance Co.*, 89 Minn. 310, 94 N. W. 874, 99 Am. St. 571.

The evidence discloses the following facts: The respondents, a farmer and his wife, sold a tract of land, received therefor something over $400 in money and a note and mortgage for $500, and then went to Spokane, primarily to secure treatment for the wife, who was past sixty years of age and in ill health. They became guests in the appellants' hotel on the 19th day of October, 1907, and had a room assigned to them which they continued to occupy until December 2 following. While sustaining the relation of guests at such hotel, they kept this money and the note and mortgage in a small handbag which the wife usually carried when absent from the room. On November 6, the wife was absent from the room for a few minutes, leaving the handbag with its contents on the bed. Upon her return she discovered that it had been taken from her room during her absence. She at once called her husband, who was sitting in the hotel office

near the room and who had been absent at the same time, and advised him of the loss. A few days later they found the note in the top of their trunk in a closet connected with their room. These are the facts as detailed by the respondents.

There are statements in the record to the effect that, upon the discovery of the loss of the handbag, the respondents, particularly the wife, became quite agitated, and that they each made statements to the effect that the wife had left the handbag at a restaurant in the same building as the hotel. However, the same witnesses who gave this testimony also said that later the respondents claimed that the handbag had been taken from the room. To other witnesses the respondents always asserted that the handbag had been taken from their room in the hotel. The manager of the restaurant, who had seen the respondents come to their meals from day to day and had observed the wife carrying the bag, testified that she did not have it with her when she came into the restaurant the day the goods were taken. Considering the age of the respondents, the wife being past sixty, and the magnitude of the loss as it appeared to them, we do not regard these conflicting statements as serious. The evidence as an entirety is quite conclusive that the bag with its contents was taken from the room of the respondents during their absence, and that only a few minutes intervened between their leaving the room and returning to it at such time. The respondents on December 2, 1907, left the hotel and, in order to get their baggage released, were required to give their note to the appellants for $17 in payment of the balance due upon their room rent. It is obvious that this did not settle the damages which they had sustained on account of the loss of their property.

The common law rule applicable to these facts is aptly stated in *Crapo v. Rockwell, supra,* in which case the court, at page 1123, say:

"The strict rule of the common law has declared for centuries, and still declares, that an innkeeper is the insurer of

the property of his guest, and liable for its loss for any cause whatever, unless such loss occurs from the neglect of the guest or the act of God or the public enemy."

The appellants sought exemption from liability by virtue of the provisions of Bal. Code, § 5977 (P. C. § 5586), which provides:

"No innkeeper who constantly has in his inn an iron safe or suitable vault in good order, and fit for the safe custody of money, bank notes, jewelry, articles of gold and silver manufacture, precious stones and bullion, and who keeps a copy of this section, printed by itself in large, plain Roman type, and framed, constantly and conspicuously suspended in the office, bar room, saloon, reading, sitting, and parlor room of his inn, and also a copy printed by itself in ordinary-sized plain Roman type, posted upon the inside of the entrance door of every public sleeping room of his inn, shall be liable for the loss of any such article suffered by any guest, unless such guest has first offered to deliver such property lost by him to such innkeeper for custody in such iron safe or vault, and such innkeeper has refused or neglected to receive and deposit such property in his safe or vault, and to give such guest a receipt therefor: *Provided,* That all doors to rooms furnished to guests shall be provided with slide-bolts inside of such rooms on all doors; otherwise he shall be liable; but every innkeeper shall be liable for any loss of the above enumerated articles by a guest in his inn, when caused by the theft or negligence of the innkeeper or any of his servants."

The evidence offered by the appellants to bring themselves within this exemption was clearly insufficient. They did not keep or have in their inn an iron or any safe, or a suitable or any vault. The only place they had provided for keeping valuables was a closet in their sleeping room, containing a wooden box. Nor did they post in the sleeping rooms or office a copy of the law which we have quoted, printed by itself. The innkeeper cannot exempt himself from liability except upon a strict compliance with the statute, and the notice required by the statute must be given exactly as provided. 22 Cyc. 1086.

It follows that the judgment of the lower court is correct, and must be affirmed..

Rudkin, C. J., Morris, Fullerton, and Chadwick, JJ., concur.