**RARRICK, Plaintiff-Appellee, v BROWNE, et, Defendants-Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6729.   Decided February 24, 1947.

Cowell, Fletcher & Wiethe, Cincinnati, for plaintiff-appellee.

Charles E. Dornette and Henry E. Beebe, Cincinnati, for defendants-appellants.

## OPINION

By HILDEBRANT, J.:

On trial before a jury in the Municipal Court of Cincinnati, at the suit of a guest against an innkeeper, for the value of personal property stolen during the night while the

guest was asleep in the room, the plaintiff testified to his registering and being assigned and conducted to a room, creating the relationship of guest and innkeeper, and as to the items and value of the property which was the subject of the unexplained theft.

At the conclusion of plaintiff's testimony, which was all the evidence offered, the court directed the jury to return a verdict for the defendants. On appeal to the Common Pleas Court, the judgment was reversed and the cause remanded. And it is that action by the Common Pleas Court which is here on appeal on questions of law.

In **22 O Jur., p. 15**, it is stated:

"At common law an innkeeper is liable for the goods of his guest lost in the inn, unless the loss has been caused by the act of God, public enemy, or fault of the owner. Except as modified by statute, this rule prevails in Ohio. The liability is not dependent upon the existence of negligence. The innkeeper is liable for the loss of wearing apparel left in the room by a guest. Likewise, the innkeeper is liable for the loss of baggage from the room of a guest. The mere fact that the guest retains the key to his room, from which the goods are stolen, does not relieve the innkeeper of liability."

In **Palace Hotel Co. v Medart, 87 Oh St, 130**, the syllabus states:

"In a suit by a guest against an innkeeper for damages for the loss or ordinary wearing apparel and personal effects left by him in his room, the key thereof having been delivered into the custody of the innkeeper, it is not necessary as a part of his case in chief to show that such loss was occasioned by the fault or negligence of the innkeeper. Proof of such loss by the guest makes out a prima facie case of liability upon the part of the innkeeper, and Section 4427a, Revised Statutes, now §5983 GC, does not change the rule of the common law in this regard."

The case of **Garman-Loomis Co. v Ryan, 12 Oh Ap, 224,** follows the above case.

In 28 Am. Jur., p. 640, it is stated:

"In actions against innkeepers for the loss of or injury to the property of a guest, the general rule is that a prima facie case of liability is established by proof of the existence of the

relation of innkeeper and guest and of the fact of loss or injury, and the burden then rests upon the proprietor to exonerate himself from liability, either by bringing himself within an exception to or limitation upon the rule imposing liability or by showing his freedom from fault. * * * Statutes making the liability of an innkeeper dependent upon compliance with certain requirements by the guest have not changed the rule that the burden of proving contributory negligence is on the innkeeper."

Further, at page 594, it is said:

"The provisions of the statutes under consideration must be strictly complied with by the proprietor in order to relieve himself of his common-law liability, and the burden of proof is on the innkeeper to show such compliance."

The rule is stated in Gillett v Waldorf Hotel, 241 Pac. 14; 136 Wash. 615, to be:

"We have also held that when the relation of innkeeper and guest and the loss of goods have been established, the true rule is that the innkeeper is prima facie liable, and the burden is on him to show such facts as will exonerate him." Citing Watt v Kilgary 53 Wash., 446, at 448.

In Watt v Kilgary, 53 Wash., 446, at 448 it is held:

"When relation of innkeeper and guest and loss of goods have been established, the true rule is that the innkeeper is prima facie liable, and the burden is on him to show such facts as will exonerate him."

Swanner v Hotel Co., 224 S. W., 123, held an innkeeper liable for loss of property of guest, though such property had not been entrusted to the care of the innkeeper, unless the loss was caused by the guest's own negligence, an act of God, or the public enemy, and at page 124 quoted from Batterson v Vogel, 10 Mo. Ap, 235, as follows:

"The case of the innkeeper is this: He is prima facie liable for the loss of his guest. He may show that he was diligent and that the guest was negligent; but though ever so diligent, he is liable for the loss of goods of his guest, not arising from the negligence of the guest, the act of God, or public enemy."

Concerning theft, 28 Am. Jur., p. 615, states:

"Under the rule of absolute liability, an innkeeper is responsible for any loss by theft, unless committed by one for whose acts the guest himself is responsible, and it is quite generally agreed that for all thefts from within or unexplained, whether committed by guests, servants, or strangers, the innkeeper is answerable. Even some courts which adhere generally to the prima facie rule, and repudiate the general rule that an innkeeper is an insurer of the safety of the goods brought by a guest, apply a rule very nearly that of absolute liability, in the case of a loss by theft, and refuse to exonerate him, although it is an unavoidable accident and not due to any fault or negligence of his. Under any theory of liability, when goods are lost by theft and the person who stole them is unknown, the law imposes liability on the innkeeper, and the presumption of innocence does not apply. Negligence will be imputed to him if the loss is not to be ascribed to any other known cause."

It is, therefore, clear that on undisputed evidence showing the relationship of guest and innkeeper and testimony of loss of personal property by unexplained theft, a prima facie case was made for plaintiff, and the burden of exoneration—statutory or otherwise—rested on the defendants.

The judgment of the Court of Common Pleas is, therefore, affirmed, and the cause remanded for further proceedings according to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.