[No. 1089-3.   Division Three.   May 7, 1975.]

PAUL WALLS, *Appellant*, v. COSMOPOLITAN HOTELS, INC., *Respondent*.

*Kenneth C. Hawkins*, for appellant.

*Willis, McArdle & Dohn* and *G. Thomas Dohn*, for respondent.

MUNSON, J.—Plaintiff, Paul Walls, instituted this action against defendant Cosmopolitan Hotels, Inc., to recover the value of a wristwatch he claimed had been stolen from his room while he was a guest in the defendant's hotel. The trial court granted summary judgment to the defendant, based upon the failure of Mr. Walls to deposit his watch with the hotel as required by RCW 19.48.030.[1] Plaintiff appeals. We affirm.

---

[1] "Whenever the proprietor, keeper, owner, operator, lessee, or manager of any hotel, lodging house or inn shall provide a safe or vault for the safekeeping of any money, bank notes, jewelry, precious stones, ornaments, railroad mileage books or tickets, negotiable securities or other valuable papers, bullion, or other valuable property of small

Plaintiff was a registered guest in the defendant's hotel. Plaintiff contends that when he left his hotel room for dinner he had locked the door and left the watch on a nightstand. However, upon his return the watch was gone. He noticed that the door was damaged, and upon closer inspection, had been severely damaged on some prior occasion. Apparently the screws holding the repaired portions to the lock were loose and one could easily obtain entry by merely pushing gently upon the door, even though it was locked.

Plaintiff contends that the maintenance of the door in this condition constituted willful and wanton misconduct

compass belonging to the guests, boarders or lodgers of such hotel, lodging house or inn, and shall notify the guests, boarders or lodgers thereof by posting a notice in three or more public and conspicuous places in the office, elevators, public rooms, elevator lobbies, public corridors, halls or entrances, or in the public parlors of such hotel, lodging house or inn, stating the fact that such safe or vault is provided in which such property may be deposited; and if such guests, boarders or lodgers shall neglect to deliver such property to the person in charge of such office, for deposit in the safe or vault, the proprietor, keeper, owner, operator, lessee or manager, whether individual, partnership or corporation, of such hotel, lodging house or inn shall not be liable for any loss or destruction of any such property, or any damage thereto, sustained by such guests, boarders or lodgers, by negligence of such proprietor, keeper, owner, operator, lessee or manager, or his, her, their or its employees, or by fire, theft, buglary, or any other cause whatsoever; but no proprietor, keeper, owner, operator, lessee or manager of any hotel, lodging house or inn, shall be obliged to receive property on deposit for safekeeping exceeding one thousand dollars in value; and if such guests, boarders or lodgers shall deliver such property to the person in charge of said office for deposit in such safe or vault, said proprietor, keeper, owner, operator, lessee, or manager, shall not be liable for the loss or destruction thereof, or damage thereto, sustained by such guests, boarders or lodgers in any such hotel, lodging house, or inn, exceeding the sum of one thousand dollars, notwithstanding said property may be of greater value, unless by special arrangement in writing with such proprietor, keeper, owner, operator, lessee or manager: *Provided, however,* That in case of such deposit of such property, the proprietor, keeper, owner, operator, lessee or manager of such hotel, lodging house, or inn, shall in no event be liable for loss or destruction thereof, or damage thereto, unless caused by the theft or gross negligence of such proprietor, keeper, owner, operator, lessee, or manager, of his, her, their, or its agents, servants or employees."

and such a disregard for the protection of plaintiff's property that the defendant should be liable for the loss of his watch, which he values at $3,685. On the other hand, defendant contends that the failure of the plaintiff to deposit his watch pursuant to RCW 19.48.030 is dispositive of all issues, namely: (1) whether a wristwatch is an includable item, subject to the terms of RCW 19.48.030; and (2) whether the alleged willful and wanton misconduct of the defendant in allowing the disrepair of the door to exist entitles plaintiff to recover within the terms of RCW 19.48.030.

We realize that RCW 19.48.030, being in derogation of the common law, must be strictly construed. *Goodwin v. Georgian Hotel Co.*, 197 Wash. 173, 179, 84 P.2d 681, 119 A.L.R. 788 (1938); *Featherstone v. Dessert*, 173 Wash. 264, 22 P.2d 1050 (1933); *Gillett v. Waldorf Hotel Co.*, 136 Wash. 615, 241 P. 14 (1925); *Watt v. Kilbury*, 53 Wash. 446, 102 P. 403 (1909).

As to the first issue, we hold that a wristwatch valued at $3,685 is "valuable property of small compass" and therefore subject to the provisions of RCW 19.48.030.

As to the second issue, we hold that when the plaintiff failed to deposit his "valuable property of small compass" with the hotel pursuant to RCW 19.48.030, the defendant was relieved of all liability regardless of the cause of the loss. The statute specifically states that

> if such guests, . . . shall neglect to deliver such property to the person in charge of such . . . safe . . . the proprietor, . . . shall not be liable for any loss . . . of . . . such property, . . . sustained by such guests, . . . by negligence of such proprietor, . . . or by fire, theft, burglary, or *any other cause whatsoever*; . . .

(Italics ours.) Therefore, plaintiff's contention that the cause of his loss was the willful and wanton misconduct of the defendant is not well taken in that the claimed cause of plaintiff's loss is contained within the terms "any other cause whatsoever."

Plaintiff contends that *Goodwin v. Georgian Hotel Co.,* *supra,* is supportive of his theory of recovery based upon willful and wanton misconduct. We disagree. In *Goodwin* the court held that once the guest had proven the deposit of his property with the innkeeper, the burden shifted to the innkeeper to show that the loss was not the result of theft or gross negligence on the part of the innkeeper or his employees. There being no deposit in this case, *Goodwin* is not applicable.

Judgment is affirmed.

McINTURFF, C.J., and GREEN, J., concur.